JACK A. HOFFMAN, EMPLOYEE, PLAINTIFF v. RYDER TRUCK LINES, INC., EMPLOYER, SELF-INSURED, DEFENDANT

No. 8110IC295

(Filed 17 November 1981)

**Master and Servant § 50— workers' compensation—injury repairing truck leased to defendant—not compensable**

Plaintiff's injury, received while repairing a truck he both leased to defendant and drove for defendant, was not compensable under the Workers' Compensation Act as the injury occurred pursuant to his obligation under the lease agreement rather than within the scope of his employment as a driver for defendant.

APPEAL by defendant from the North Carolina Industrial Commission. Opinion and award filed 12 January 1981. Heard in the Court of Appeals 21 October 1981.

This case arises under the N.C. Workers' Compensation Act, G.S. 97-1 *et seq.*, from injuries suffered by plaintiff on. 4 November 1978 while he was repairing a universal joint on the tractor-trailer rig he owned and leased to defendant. There was uncontroverted evidence that plaintiff rendered services to Ryder Truck Lines in two capacities: as a driver employed to make long-distance deliveries, and as an independent contractor required to keep his rig maintained and in good repair. These services were performed under separate contractual agreements with Ryder, and plaintiff's compensation for each was calculated as a separate percentage of the value of each load. The only issue raised in this action is whether plaintiff was performing as a driver-employee at the time of his injury or whether he was fulfilling his duties as an independent contractor.

The facts are largely undisputed. In 1977, plaintiff leased the tractor-trailer rig he owned to Ryder. Under the terms of the lease agreement, plaintiff agreed to perform, or arrange for performance of, all needed maintenance and repairs on the equipment, and to absorb all costs associated therewith. In consideration for these services, and for the use of the rig, plaintiff-lessor received a percentage of the gross income generated by each load transported.

In addition to the lessor-lessee relationship between the plaintiff and Ryder, an employment relationship also existed between the parties. Plaintiff was employed as a driver for Ryder and, as such, was paid a percentage of transport fees over and above that received under the lease agreement.

On 31 October 1978, plaintiff picked up a load for transport from Ryder's terminal in Greenville, South Carolina to two destinations in Illinois. With Ryder's permission, plaintiff drove from Greenville to his home in Connelly Springs, North Carolina, to take a few days off before continuing his trip to Illinois. Between Greenville and his home, however, plaintiff noticed a vibration which he recognized as caused by a bad universal joint. On 4 November 1978, shortly before his intended resumption of his trip to Illinois, plaintiff undertook to replace the faulty universal joint

and, in the course of this repair, was injured. Plaintiff's brother-in-law completed the haul for him and was compensated by Ryder at the "driver" rate. Plaintiff was unable to return to work until his medical release in May, 1979.

The Industrial Commission held that plaintiff's injuries occurred in the course of his employment as a driver for Ryder, and that plaintiff was therefore entitled to compensation under the Workers' Compensation Act. Ryder appeals, contending that the greater weight of the evidence showed plaintiff was rendering services as an independent contractor, not as an employee, at the time he was injured.

*Byrd, Byrd, Ervin, Blanton & Whisnant, by C. Scott Whisant, for plaintiff appellee.*

*Van Winkle, Buck, Wall, Starnes & Davis, by Russell P. Brannon, for defendant appellant.*

ARNOLD, Judge.

We note at the outset that plaintiff presented no evidence or argument that either of the agreements between the parties was unconscionable or the product of unequal bargaining power. Thus, unless the contracts are found to have been intended to relieve the employer of its obligations under the Workers' Compensation Act, we can see no reason why the agreements of the parties should not be allowed to stand. Ryder concedes that plaintiff was its employee at the time of his injury, and that he is entitled to Workers' Compensation coverage if he was acting within the scope of his employment when the injury occurred. The only question before us is whether replacement of a universal joint pursuant to his obligation under the lease agreement with Ryder came within the scope of plaintiff's employment as a driver for Ryder. We find that it did not.

In determining whether a given relationship is that of employer and employee or that of employer and independent contractor, the test is one of control by the employer over the manner in which the employee does the required work. *Alford v. Victory Cab Co.,* 30 N.C. App. 657, 228 S.E. 2d 43 (1976). In the case at bar, the plaintiff was obligated under the lease agreement to repair and maintain his tractor-trailer rig. The manner in which

he fulfilled this obligation was entirely within plaintiff's discretion. While the rig was required to pass a monthly inspection by Ryder, the repairs in question were not being made in anticipation of such an inspection. Moreover, there is no evidence that plaintiff's employment as a driver for Ryder was in any way contingent upon his making these repairs. This renders the case factually distinguishable from *Thompson v. Transport Co.*, 32 N.C. App. 693, 236 S.E. 2d 312 (1977), on which plaintiff relies. In *Thompson*, the plaintiff was injured while preparing his rig for a pre-trip inspection which was required by the company. Furthermore, the equipment was required to pass inspection in order for the plaintiff to receive a load for transport. Here, plaintiff's decision to replace the universal joint was entirely his own, based on his own observations and determination that the repair was needed. No company-imposed requirement such as the pre-trip inspection involved in *Thompson* was a factor here.

We have carefully considered the opinion of the New York court in *Harding v. Herr's Motor Express, Inc.*, 35 App. Div. 2d 883, 315 N.Y.S. 2d 693 (1970), *appeal denied* 28 N.Y. 2d 487, 322 N.Y.S. 2d 1026 (1971), relied upon by the Commission. While that case is factually similar to the one before us, we find no indication in the court's brief memorandum opinion of any agreement which specifically placed the repairs involved within the scope of the lease agreement, rather than the employment agreement, of the parties. Since, in the case at bar, the lease agreement clearly designates routine repairs and maintenance as duties of the lessor, we are not persuaded that the two cases turn on the same legal issue.

We find it significant that the plaintiff here was the owner of the tractor-trailer rig he was responsible for maintaining. Since Ryder knew plaintiff had a personal interest in the proper maintenance of his equipment, it had no reason to believe close supervision of his performance of that maintenance was necessary.

In the absence of evidence that Ryder retained any control over the manner in which plaintiff performed the maintenance and repair duties required by the lease agreement, we hold that plaintiff's injury arose, not from the course of his employment but from the performance of his duties as an independent contractor.

The injury, therefore, is not covered by the Workers' Compensation Act.

The opinion and award entered by the Industrial Commission are accordingly

Reversed.

Judges CLARK and BECTON concur.