WILLIAM L. CHURCH, EMPLOYEE, PLAINTIFF v. G. G. PARSONS TRUCKING
CO., EMPLOYER, LIBERTY MUTUAL INSURANCE COMPANY, CARRIER,
DEFENDANTS

No. 8010IC1035

(Filed 3 May 1983)

**1. Appeal and Error § 24— denial of motion for rehearing—no exception**

   Where defendants failed to except to the denial of their motion for a
rehearing before the Industrial Commission, the assignments of error
presented no question for review.

**2. Master and Servant § 55.4— injuries in truck accident arising in course of
employment**

   Where plaintiff truck driver had not completed his trip because of failing
brakes on both the tractor and trailer, and where it was reasonably necessary
for the plaintiff to interrupt his trip to have repairs made to the brakes on the
trailer and tractor, the accidental injuries sustained by the plaintiff while he
was traveling from one town to another for the purpose of having repairs
made to the brakes on the tractor to enable him to continue the trip to his
original destination, arose out of and in the course of his employment.

APPEAL by defendants from the opinion and award of the
North Carolina Industrial Commission dated 27 August 1980.
Heard in the Court of Appeals 18 April 1983.

This is a proceeding brought by the plaintiff under the North
Carolina Worker's Compensation Act to recover compensation
allegedly resulting from an injury by accident on 22 May 1978.

The Industrial Commission made the following pertinent find-
ings of fact:

   1. Plaintiff is a 54 year old [man] who has been a truck
driver for approximately 30 years. On February 2, 1978,
plaintiff leased his tractor to the defendant-employer, a com-
mon carrier licensed to transport goods by truck in interstate
commerce, under an "Agreement, Contract, and Lease," or
term lease. Under this agreement plaintiff was required to
maintain the vehicle at his own expense in the state of repair
required by "the rules and regulations of the Interstate Com-
merce Commission, Department of Transportation, and all
other regulatory authorities." He was also responsible for
operating expenses. In consideration of the leased equipment
and his services as a driver, the defendant-employer paid
plaintiff a percentage of the revenue on flatbeds and reefers.

2. On May 20, 1978, plaintiff was returning from a trip to Ohio where he had unloaded one shipment and loaded a second one of lumber for the defendant-employer to be taken to Thomasville. As he came across the West Virginia Turnpike, the trailer brakes began to fail which eventually increased to such a degree that the tractor brakes were almost destroyed.

3. Plaintiff came to the terminal outside of Wilkesboro in order to have the defendant-employer repair the trailer brakes. Since it was Saturday, he had to call a dispatcher to obtain permission to leave the trailer for repair.

4. Plaintiff then drove two miles to his home where he left the tractor unmoved until Monday morning at 5:30 a.m. when he started his trip to Hickory in order to have the tractor brakes repaired. It was his intention after this repair and the trailer brake repair to pick up the load of lumber in Wilkesboro and continue to Thomasville in order to complete the trip, which could not have been made without the repairs.

5. On May 22, 1978, after having gone about 18 miles from Wilkesboro toward Hickory, plaintiff met a second tractor trailer coming around a curve in his side of the road. A head-on collision was avoided, but the front left portion of the tractor was struck by the rear of the second vehicle. As a result of this collision, plaintiff's neck, shoulder, and leg were injured. He was hospitalized and in fact paralyzed to a degree for approximately three months.

6. When plaintiff sustained an injury by accident on May 22, 1978, the injury arose out of and in the course of his employment at which time he was an employee of the defendant-employer.

Based on these findings the Commission concluded:

1. Plaintiff was an employee of the defendant-employer within the meaning of the Workmen's Compensation Act and sustained an injury by accident on May 22, 1978 which arose out of and in the course of his employment. At the time of his injury plaintiff was furthering the employer's business in that he was taking care of repairs of damage to his tractor's brakes caused by the failure of the defendant-employer's trailer's brakes and seeing that repair to the trailer's brakes

was accomplished. The repairs were necessary at this time in order to complete the trip to Thomasville which was to the defendant-employer's advantage and benefit.

Defendants appealed.

*McElwee, Hall, McElwee & Cannon, by John E. Hall, William H. McElwee, III, and William F. Brooks for the plaintiff, appellee.*

*W. G. Mitchell for the defendants, appellants.*

HEDRICK, Judge.

[1] Defendants' first assignment of error is set out in the record as follows: "That the Commission erred in failing to remand the case to the Hearing Commissioner with instructions to change the Findings of Fact with respect to the brakes on the plaintiff's tractor and defendant's trailer." In their brief, defendants argue the Industrial Commission erred in "failing to remand the case . . . for reconsideration of testimony." The defendants did file a motion before the full commission for rehearing but this motion was denied. The defendants failed to except to the denial of this motion; therefore, this assignment of error presents no question for review.

[2] Next, defendants contend the Commission erred in finding and concluding that plaintiff's injuries arose out of and in the course of his employment with the defendant, G. G. Parsons Trucking Co. In our opinion, this case is controlled by our decision in *Thompson v. Transport Co.*, 32 N.C. App. 693, 236 S.E. 2d 312 (1977) in which we held that an operator-lessor of a tractor-trailer is an employee of the lessee within the meaning of the Worker's Compensation Act. In *Thompson* we said:

'Preliminary preparations by an employee, reasonably essential to the proper performance of some required task or service, is generally regarded as being within the scope of employment and any injury suffered while in the act of preparing to do a job is compensable.' In the last cited case the New York court held compensable an injury suffered by an employee, who had leased his truck-tractor to the defendant employer, while performing repairs or maintenance work on the vehicle at his home in preparation for operating it in his employment as scheduled for later the same day.

32 N.C. App. at 697, 236 S.E. 2d at 314 (citations omitted).

In the present case, the plaintiff had not completed the trip from Ohio to Thomasville, North Carolina because of the failing brakes on both the tractor and trailer. It was reasonably necessary for the plaintiff to interrupt his trip at Wilkesboro to have repairs made to the brakes on the trailer and tractor. The accidental injuries sustained by the plaintiff while he was traveling from Wilkesboro to Hickory, for the purpose of having repairs made to the brakes on the tractor to enable him to continue the trip to Thomasville, arose out of and in the course of his employment. See *Hoffman v. Truck Lines, Inc.*, 306 N.C. 502, 293 S.E. 2d 807 (1982), where the Supreme Court in affirming an award of the Industrial Commission to the plaintiff in a similar case expressly approved the reasoning of this court in *Thompson*. The opinion and award of the Industrial Commission in the present case is

Affirmed.

Chief Judge VAUGHN and Judge ARNOLD concur.