***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Gardner and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Award of Benefits and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The issues before the Commission are: (1) was plaintiff injured in the course and scope of his employment; and (2) what was plaintiff's average weekly wage.
2. The following documents were stipulated into evidence:
 a. All medical records of plaintiff including emergency room notes and records; medical notes from Dr. Cliff Faull including a 30% disability rating; and medical records from Dr. Lacy Thornburg.
 All answers, responses and documents supplied through discovery.
 Transcript of recorded statement on April 17, 2000 between plaintiff and Cindy Chitwood.
Independent contractor agreement between plaintiff
3. The remaining medical bills include $1,295.00 to Sylva Orthopaedic, $158.00 to SOMA Group, and $1,281.00 to Harris Regional, for a total of $2,734.98.
 ***********
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of hearing before the Deputy Commissioner, plaintiff was a fifty-eight year old male and was an owner-operator of a tractor-truck that was under contract to defendant-employer.
2. Plaintiff earned an average weekly wage of $709.24, resulting in a compensation rate of $472.85 per week.
3. Plaintiff returned home from hauling a load to Bloomington, Indiana, on April 1, 2000. Plaintiff's logs for April 1 and 2, 2000 show that he was "off duty" from driving from the time of his arrival at home on April 1, 2000 through April 8, 2000.
4. Plaintiff testified that while he was traveling home through Tennessee on April 1, 2000, he declined a trip to Texas because he needed to make some repairs to his truck. Upon arrival home, plaintiff intended to take the entire week of April 2, 2000 "off" in order to work on his truck and had not at any time during the week of April 2, 2000 been dispatched on a trip for that week or the next.
5. Plaintiff was injured on Saturday, April 8, 2000. Plaintiff had replaced the water pump on his truck and was working on the power steering pump. Because it was snowing, plaintiff worked under cover of a tarpaulin extending from the side of his house to the truck. The tarpaulin came loose from the house, and plaintiff climbed a ladder to re-attach the tarpaulin to the house. The wind caught the tarpaulin, causing plaintiff to fall from the ladder, injuring his nose, wrist, elbows and knees.
6. The Independent Contractor Agreement between plaintiff and defendant-employer states that plaintiff, as owner and independent contractor, is responsible for all parts, accessories and repairs necessary to provide the contracted for services.
7. The work plaintiff was performing on his tractor at the time of his injury was in the nature of general maintenance as required by defendant-employer, but was not in preparation for a specific trip for defendant-employer.
8. On April 8, 2000, the date of plaintiff's injury, he was not "under load" but had taken off the week of April 2, 2000 in order to make general repairs to his truck.
 ***********
Based upon the stipulations contained in the pre-trial agreement and the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. As driver-operator of the truck in the service of defendant-employer, plaintiff was an employee under the North Carolina Workers' Compensation Act. However, as owner-lessor and caretaker of the truck, plaintiff was an independent contractor and, for workers' compensation purposes, was not a person included within the terms of the Act. N.C. Gen. Stat. § 97-2 (2); Richardsv. Nationwide Homes, 263 N.C. 295, 139 S.E.2d 645 (1965). In order to determine whether plaintiff was acting as an independent contractor or as an employee at the time of his injury, the lease agreement between the parties must be examined to determine the relative obligations regarding the maintenance and repair of the vehicle. Hoffman v. Truck Lines, Inc. 306 N.C. 502,293 S.E.2d 807 (1982). The type of leasing agreement used in the case at bar has been interpreted to assign to the owner-lessor all costs and burdens associated with the general repair, maintenance and operation of the vehicle. Id.
2. Whether plaintiff is entitled to workers' compensation benefits turns on the determination of: (1) which "hat" plaintiff was wearing at the time he was injured, and (2) if he was wearing the "hat" of an employee-driver, and not that of an owner-lessor and independent contractor, whether this type of repair work fell within the scope of his employment as a driver. Plaintiff is only entitled to recover benefits if, at the time he was injured, he was both wearing the employee-driver "hat" and the repairs fell within the scope of his employment as driver. Hoffman v. TruckLines, Inc., 306 N.C. 502 at 508; 293 S.E.2d 807 at 811 (1982).
3. When a plaintiff performs necessary repairs after he is under load or or if he makes repairs in preparation for a specific job for the defendant-employer, the courts have found that plaintiff was acting in his role of driver-employee at the time he was injured and therefore is entitled to workers' compensation benefits. Hoffman v. Truck Lines, Inc., supra; Thompson v.Transport Co., 32 N.C. App. 693, 236 S.E.2d 312 (1977). 4. In the instant case, plaintiff was acting in the role of owner-lessor in performing general maintenance on his tractor when he was injured. Plaintiff was not under load and was not preparing for a specific job for defendant-employer, as he was off-duty for the entire week. Based on the totality of the circumstances, plaintiff was not acting in his position as an employee-driver for defendant-employer at the time of his injury, rather he was engaged in his duties as an independent contractor. Therefore, plaintiff's injury by accident was not within the course of his employment and is not compensable under the Workers' Compensation Act. Hoffman v. Truck Lines, Inc., supra; Thompsonv. Transport Co., supra.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
Plaintiff's claim for workers' compensation benefits is HEREBY DENIED.
Each side shall bear its own costs.
This _____ day of February, 2002.
 S/_____________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________________________ BUCK LATTIMORE CHAIRMAN
S/_____________________________ THOMAS J. BOLCH COMMISSIONER