I must respectfully dissent. The issue is one of law and not of fact and is thus fully reviewable by the Court of Appeals. The issue is whether, under the uncontroverted facts of this case, plaintiff was about the business of Epes Transport when he was injured and thus whether the workers compensation policy paid for by plaintiff by deductions from his pay provided coverage to him. To me, the facts show that plaintiff was about the business of Epes when his injuries occurred.
Plaintiff felt his power steering pump going bad while hauling a load to Trenton, Ohio for defendant. After plaintiff unloaded his goods, he was dispatched to Bloomington, IN by John Martin via the Epes Transport Systems, Qualcom Internet E-Mail System. Plaintiff was then dispatched to another site when he advised the dispatcher via the Qualcom system that he needed to make repairs on his truck and needed to go home. Plaintiff then drove empty from Bloomington, IN to Dandridge, TN, where he spent the night. He woke the next morning to the sound of the Qualcom dispatch. Plaintiff was asked to switch trailers with another driver who was ill and to take the load to Texas. Plaintiff again advised that he needed to make the repairs and drove on to Sylva. But for the repairs that were needed to be performed on his truck, plaintiff would not have been home the week of April 2 through April 8. Plaintiff did not schedule this "time off" ahead of time.
The majority erred in finding this necessary repair to be "general maintenance." This repair became necessary while plaintiff was under load. He had to refuse further loads because of the urgency of the needed repairs. Under these circumstances, plaintiff was going about the business of Epes when he was injured and was not doing "general maintenance."
At hearing, it was determined that had plaintiff not needed repairs, he would have been on the road hauling for Epes. Both plaintiff and Epes employee Bobby Joyce testified that part of plaintiff's job duties is to provide service, inspection and maintenance. Both further testified that plaintiff is to supply the service, inspection and maintenance records to Epes on a monthly basis so that Epes can verify that the truck is being operated in a safe and good working order. Joyce testified that while a person is off-duty waiting to be dispatched, he is insured under the contract while performing maintenance and inspection of his truck.
Thompson v. Transport Company, 32 N.C. App. 693, 236 S.E.2d 312
(1977); Guest v. Brenner Iron Metal Co., 41 N.C. 448,85 S.E.2d 596 (S.Ct. 1955); and Hoffman v. Truck Lines, Inc. 306 N.C. 502,293 S.E.2d 807 (S.Ct. 1982 require a different result.
This 18th day of March 2002.
 S/_____________________________ THOMAS J. BOLCH COMMISSIONER