BUFORD D. VIEREGGE, JR., EMPLOYEE, PLAINTIFF-APPELLANT v. N.C. STATE UNIVERSITY, EMPLOYER, SELF-INSURED, DEFENDANT-APPELLEE

No. 9110IC357

(Filed 17 March 1992)

1. **Master and Servant § 94.3 (NCI3d) — workers' compensation — review by full Commission — failure to fulfill statutory duties — insufficient order**

    The Industrial Commission is not an appellate court but a quasi-judicial agency with statutory authority to make findings of fact, state conclusions of law and enter an order resolving the issues between the parties arising out of the application of the Workers' Compensation Act. The full Commission failed to carry out its duties under N.C.G.S. § 97-85 when it entered an order stating that "[t]he undersigned have reviewed the record in its entirety and find no reversible error" and that the Commission "affirms and adopts as its own the Opinion and Award as filed."

    **Am Jur 2d, Workmen's Compensation §§ 590, 598, 606.**

2. **Master and Servant § 77.2 (NCI3d) — workers' compensation — change of condition — statute of limitations — burden of proof**

    The statute of limitations in N.C.G.S. § 97-47 is not jurisdictional but is a technical legal defense which the employer may assert, and the hearing commissioner improperly raised the question of the statute of limitations at the compensation hearing and erroneously put the burden on plaintiff to prove

that his claim was not barred by the one-year statute of limitations in N.C.G.S. § 97-47.

**Am Jur 2d, Workmen's Compensation §§ 482, 484, 511.**

3. **Master and Servant § 94.3 (NCI3d) — workers' compensation — review by full Commission — necessity for hearing**

Where the record before the full Commission clearly disclosed that the hearing commissioner had not conducted a complete hearing and that his findings were inadequate to support his conclusion of law that plaintiff's compensation claim was barred by the one-year statute of limitations of N.C.G.S. § 97-47, it was the duty of the full Commission pursuant to N.C.G.S. § 97-85 to conduct its own hearing, make findings, draw conclusions and enter the appropriate order.

**Am Jur 2d, Workmen's Compensation § 606.**

4. **Master and Servant § 97.1 (NCI3d) — workers' compensation — remand to Industrial Commission — further remand to hearing commissioner inappropriate**

When the appellate court remands a case to the Industrial Commission for further review, findings and entry of an appropriate order, it is not sufficient for the full Commission to remand the case to the hearing commissioner to carry out its duties.

**Am Jur 2d, Workmen's Compensation §§ 641, 642.**

APPEAL by plaintiff from a decision of the North Carolina Industrial Commission (Full Commission) entered 11 December 1990. Heard in the Court of Appeals 10 February 1992.

This is a proceeding pursuant to the Worker's Compensation Act wherein plaintiff seeks to recover benefits for an injury he sustained while working for defendant North Carolina State University.

The record discloses the following: Plaintiff was employed by defendant as a maintenance mechanic. On 25 April 1985, plaintiff was repairing a motor starter when it exploded, blowing him approximately twenty feet into the air. Plaintiff landed on the back of his head and sustained burns to his hands and body.

As a result of the accident, plaintiff suffered a cervical strain. He was treated by Dr. W. L. Beason until 31 May 1985 when he was released to return to work. Plaintiff returned to work on 5 June 1985, but continued to receive medical treatment, including physical therapy for his condition.

Plaintiff was treated by Capital Physical Therapy, Inc. until 28 June 1985. After his release by the physical therapist, plaintiff continued to experience headaches. The therapist suggested that plaintiff be reevaluated by Dr. Beason. Plaintiff discovered that Dr. Beason had moved out of the state, and he sought treatment instead from Dr. Richard Adelman, who had practiced with Dr. Beason at Capital Family Medicine. Dr. Adelman treated plaintiff for his cervical strain in 1986, during which time, Dr. Adelman left Capital Family Medicine and opened his own practice. As of 31 May 1988, Dr. Adelman was still treating plaintiff and did not feel that he had "fully recovered from this unfortunate accident."

Plaintiff has never received any compensation for disability resulting from his injury. His absences from work from 25 April 1985 until 5 June 1985 were covered by sick leave. Plaintiff's medical bills from Dr. Beason and Capital Physical Therapy, Inc., as well as a bill for medication, were submitted to the Industrial Commission in August and September 1985. These bills were approved and subsequently paid by defendant-employer, although no evidence was presented as to the exact date on which these payments were made.

Plaintiff did not submit any bills for his treatment by Dr. Adelman until October 1987 when he learned that during Dr. Adelman's move into private practice, his records had been misplaced and the bills had not been filed with the Industrial Commission. Defendant-employer refused payment of Dr. Adelman's bill on the grounds that the time for submitting further bills for treatment had lapsed, and on 14 April 1987, defendant-employer filed a Form 28B "REPORT OF COMPENSATION AND MEDICAL PAID" with the Industrial Commission stating that insofar as the employer was concerned the case was closed. With respect to the Form 28B filed by the employer, there is nothing in this record to indicate the employee ever received notice of the filing of this form.

On 12 January 1988, plaintiff filed a Form 33 "REQUEST FOR HEARING" with the Industrial Commission seeking payment of medical expenses and compensation for permanent disability of

the neck. The case came on for hearing before Deputy Commissioner Charles Markham on 14 September 1988. At the commencement of the hearing, Deputy Commissioner Markham stated:

The record should show that . . . the Form 33 was filed with the Commission more than two years after the date of the injury and more than one year after the date, so far as this file shows, of the date of the last medical payment. Based on these facts alone, it appears to me that the plaintiff's claim is barred by one or more Statutes of Limitations; however, I am going to give him the opportunity here today to make a statement for the record and to explain, if he can, why no claims were filed within the statutory limitations period.

The only evidence presented at the hearing was the testimony of plaintiff. Plaintiff, who was unrepresented by counsel, testified that he was unaware that Dr. Adelman's bills had not been submitted to the Industrial Commission because he thought Dr. Adelman had billed "Workman's compensation and [he] didn't have to worry with it."

Deputy Commissioner Markham found that:

3. . . . [Plaintiff's] pharmacy bill for June 3, 1985 was approved by the Commission August 21, 1985. His bill from Capital Physical Therapy, Inc. was approved by the Commission August 5, 1985. His bill from Dr. Beason was approved by the Commission September 10, 1985.

4. The undersigned infers that all such bills were paid within a reasonable time after Commission approval and no later than the calendar year 1985.

5. Plaintiff submitted no bills for further medical treatment until about October in the fall of 1987. He was treated during 1986 for his 1985 injury by Dr. Richard Adelman, but Dr. Adelman did not file any claims because his records on plaintiff were accidentally misplaced when he moved his practice at an indeterminate date.

6. Defendant employer closed its case on plaintiff's injury with execution of Commission Form 28B, April 14, 1987 . . . .

7. Plaintiff filed Commission Form 33, Request for Hearing, on January 12, 1988, requesting payment of medical ex-

penses and compensation for permanent disability of the neck
. . . .

8. At least 12 months elapsed between the last payment
of plaintiff's medical bills and the date on which he sought
Commission review of his case.

Deputy Commissioner Markham then concluded that "Plaintiff's claims for medical expenses and compensation for permanent
disability of the neck are barred by the 12-month period specified
in G.S. 97-47" and denied plaintiff's claim on 14 August 1989.

Plaintiff appealed to the full Commission which heard the case
on 28 November 1990. On 11 December 1990, the full Commission
entered the following:

This matter is before the Full Commission on plaintiff's
appeal from an Opinion and Award filed by Deputy Commissioner Charles Markham on August 14, 1990.

The undersigned have reviewed the record in its entirety
and find no reversible error.

In view of the foregoing, the Full Commission AFFIRMS
and ADOPTS as its own the Opinion and Award as filed.

Plaintiff appealed.

*Augustus S. Anderson for plaintiff, appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney
General Kim L. Cramer, for defendant, appellee.*

HEDRICK, Chief Judge.

G.S. 97-84 in pertinent part provides:

The Commission or any of its members shall hear the
parties at issue and their representatives and witnesses, and
shall determine the dispute in a summary manner. The award,
together with a statement of the findings of fact, rulings of
law, and other matters pertinent to the questions at issue
shall be filed . . . .

G.S. 97-85 further provides:

. . . the full Commission shall review the award, and,
if good ground be shown therefor, reconsider the evidence,

receive further evidence, rehear the parties or their represent- atives, and, if proper, amend the award . . . .

This Court has long recognized that the Industrial Commission is the sole fact finding agency in cases in which it has jurisdiction and that the finding of facts is one of the primary duties of the Commission. *Cannady v. Gold Kist*, 43 N.C. App. 482, 259 S.E.2d 342 (1979); *Morgan v. Furniture Industries, Inc.*, 2 N.C. App. 126, 162 S.E.2d 619 (1968).

The importance of the Commission's fact-finding duty cannot be overstated as Justice Ervin, writing for the Supreme Court in *Thomason v. Cab Co.*, 235 N.C. 602, 70 S.E.2d 706 (1952), noted:

It is impossible to exaggerate how essential the proper exercise of the fact-finding authority of the Industrial Commis- sion is to the due administration of the Workmen's Compensa- tion Act. The findings of fact of the Industrial Commission should tell the full story of the event giving rise to the claim for compensation. They must be sufficiently positive and specific to enable the court on appeal to determine whether they are supported by the evidence and whether the law has been prop- erly applied to them. It is obvious that the court cannot ascer- tain whether the findings of fact are supported by the evidence unless the Industrial Commission reveals with at least a fair degree of positiveness what facts it finds. It is likewise plain that the court cannot decide whether the conclusions of law and the decision of the Industrial Commission rightly recognize and effectively enforce the rights of the parties upon the mat- ters in controversy if the Industrial Commission fails to make specific findings as to each material fact upon which those rights depend.

*Id.* at 605-06, 70 S.E.2d at 709.

This Court has held that when the matter is "appealed" to the full Commission pursuant to G.S. 97-85, it is the duty and responsibility of the full Commission to decide all of the matters in controversy between the parties. *Joyner v. Rocky Mount Mills*, 92 N.C. App. 478, 374 S.E.2d 610 (1988). In *Joyner*, we said, "[i]nasmuch as the Industrial Commission decides claims without formal pleadings, it is the duty of the Commission to consider every aspect of plaintiff's claim whether before a hearing officer or on appeal to the full Commission." *Id.* at 482, 374 S.E.2d at 613.

[1] In the present case, in our opinion, the full Commission has failed to carry out its duties and responsibilities pursuant to G.S. 97-85. The self-serving statement by the Commission that "The undersigned have reviewed the record in its entirety and find no reversible error," is not sufficient to resolve the issues raised between the parties as to whether plaintiff is entitled to any relief under the Worker's Compensation Act. G.S. 97-85 clearly provides that the aggrieved party is entitled to a review by the full Commission.

The present plaintiff, having appealed to the full Commission pursuant to G.S. 97-85 and having filed his Form 44 "APPLICATION FOR REVIEW," is entitled to have the full Commission respond to the questions directly raised by his appeal. In the Form 44, plaintiff specifically enumerated the "assignments of error" he was raising on appeal to the full Commission. His Assignments of Error directed to the full Commission are:

1. [H]is conclusion of law that the limitation of G.S. 97-47 applies is incorrect because plaintiff was not alleging a change of condition, nor requesting a review of any award previously decided, nor had there been any decision by the Commission that a final payment or settlement had been made.

2. Even if G.S. 97-47 applied the defendant waived this affirmative defense by failing to plead it prior to the hearing.

3. Even if defendant did not waive the defense, no evidence was presented of the date the final payment was made, therefore there was no evidence of when the statute should begin to run and defendant has failed to meet the burden of proof on this affirmative defense.

The full Commission, however, failed to address these issues in its self-serving order and has thus failed to satisfy the requirements of G.S. 97-85.

In the case *sub judice*, the full Commission has again entered an order affirming the decision of the Deputy Commissioner as if it were an appellate court. As we have said previously, the North Carolina Industrial Commission is not an appellate court. *Joyner*, 92 N.C. App. 478, 374 S.E.2d 610. It is a quasi-judicial agency with statutory authority to make findings of fact, state conclusions of law and enter an order resolving the issues between the employee and the employer and the employer's insurance car-

rier, if any, arising out of the application of the Worker's Compensation Act. For the Commission to say, as it did in this case, that it "affirms and adopts as its own the Opinion and Award as filed," is, in our opinion, not sufficient.

[2] In the present case, the Deputy Commissioner announced at the commencement of the hearing that it appeared to him that plaintiff's claim was barred by "one or more Statutes of Limitations," but that he was going to give plaintiff an "opportunity here today to make a statement for the record and to explain, if he can, why no claims were filed within the statutory limitations period." G.S. 97-47 in pertinent part provides:

> Upon its own motion or upon the application of any party in interest on the grounds of a change in condition, the Industrial Commission may review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded . . . . No such review shall be made after two years from the date of the last payment of compensation pursuant to an award under this Article, except that in cases in which only medical or other treatment bills are paid, no such review shall be made after 12 months from the date of the last payment of bills for medical or other treatment, paid pursuant to this Article.

With respect to the statute of limitations contained in G.S. 97-47, our courts have consistently held that the limitation is not jurisdictional, but is a technical legal defense which the employer may assert. See Hand v. Fieldcrest Mills, Inc., 85 N.C. App. 372, 355 S.E.2d 141, disc. review denied, 320 N.C. 792, 361 S.E.2d 76 (1987); Watkins v. Motor Lines, 10 N.C. App. 486, 179 S.E.2d 130, rev'd on other grounds, 279 N.C. 132, 181 S.E.2d 588 (1971). Clearly, the Deputy Commissioner improperly raised the question of G.S. 97-47 and erroneously put the burden on plaintiff to prove that his claim was not barred by the one year statute of limitation.

The only testimony offered at the hearing before the deputy was that of plaintiff who, at that time, was unrepresented by counsel. While the deputy questioned plaintiff, he did not obtain any evidence to support his finding and conclusion that plaintiff's claim was barred by "one or more Statutes of Limitations." Nor does the record support such a finding or conclusion.

**VIEREGGE v. N.C. STATE UNIVERSITY**

[105 N.C. App. 633 (1992)]

By the time the Deputy Commissioner entered his order, he was apparently satisfied that plaintiff's claim was not barred by the two year statute of limitations in G.S. 97-24; but he conducted no hearing and made no findings with respect to any benefits to which plaintiff was entitled for the injury, temporary or permanent, he sustained as a result of the accident on 25 April 1985.

Furthermore, he found and concluded that plaintiff's claim was barred by the one year statute of limitation contained in 97-47. We note that this provision is primarily applicable in situations where there has been a prior determination and entry of an award of compensation by the Commission. In the present case, the Commission merely approved payment of a portion of plaintiff's medical bills. Plaintiff's right to receive compensation has never been determined by the Commission, and consequently, no award has ever been entered. Assuming, *arguendo*, that this provision is applicable, no evidence was presented at the hearing, nor does the record contain any evidence as to the date of the last payment of plaintiff's medical bills. The Deputy Commissioner "inferred" that since these bills were approved by the Commission in August and September 1985 that they were paid "within a reasonable time after Commission approval and no later than the calendar year 1985." It was and still is the duty of the Commission to hear evidence and make findings of fact with respect to these matters before it can enter such an order as it did in this proceeding.

[3] The errors described above disclose that the full Commission erred in its statement that it had fully reviewed the record and found no error. Since the record before the full Commission clearly discloses that the Deputy Commissioner had not conducted a complete hearing and that his findings were inadequate and did not support his conclusions of law, it was the duty of the full Commission pursuant to G.S. 97-85 to conduct its own hearing, make findings, draw conclusions and enter the appropriate order. Upon remand, the full Commission should now conduct a hearing, make its own findings of fact and conclusions of law and enter an order resolving all issues raised by plaintiff's claims under the Worker's Compensation Act.

[4] When the appellate court remands a case to the Industrial Commission for further review, findings and entry of an appropriate order, it is not sufficient, in our opinion, for the full Commission to then remand the case to the deputy to carry out its duties.

Such procedure merely extends the time to a final order in a case already too long delayed.

Vacated and remanded.

Judges WELLS and JOHNSON concur.