BILLY D. FAIRCLOTH v. N.C. DEPARTMENT OF TRANSPORTATION

No. 9110IC1281

(Filed 19 May 1992)

1. **Master and Servant § 94.3 (NCI3d) — workers' compensation — review by full Commission — failure to fulfill statutory duties**

    The decision of the full Commission indicates on its face that plaintiff was not afforded the review on appeal from the hearing commissioner to which he was entitled under N.C.G.S. § 97-85 where it stated only that "[t]he undersigned have reviewed the record in its entirety and find no reversible error" and that the Commission "affirms and adopts as its own the Opinion and Award as filed."

    **Am Jur 2d, Workmen's Compensation §§ 614, 631.**

2. **Master and Servant § 96.5 (NCI3d) — workers' compensation — finding of no injury by accident — supporting evidence**

    The evidence supported the Industrial Commission's determination that plaintiff did not suffer any injury by accident when the dump truck he was backing at five miles per hour struck another vehicle.

    **Am Jur 2d, Workmen's Compensation §§ 225, 227.**

APPEAL by plaintiff from a decision of the North Carolina Industrial Commission. Order entered 24 September 1991. Heard in the Court of Appeals 21 April 1992.

Plaintiff filed a claim for worker's compensation alleging injury by accident during the course of his employment. Defendant denied

FAIRCLOTH v. N.C. DEPT. OF TRANSPORTATION

[106 N.C. App. 303 (1992)]

the claim, and a hearing was held before Deputy Commissioner Edward Garner, Jr., on 11 December 1989.

At the hearing, testimony was presented that plaintiff suffers from brain damage received at birth which results in a weakness of his left side. This condition makes it difficult for plaintiff to walk. On 6 July 1987, plaintiff was employed by the North Carolina Department of Transportation as a truck driver. On his first day of employment, plaintiff was backing a tandem-axle dump truck toward a piece of machinery. The truck was traveling at approximately five miles per hour when plaintiff backed into another vehicle. Plaintiff was reassigned by the Department of Transportation and put to work as a flagman, a position requiring a great deal of walking. Plaintiff began experiencing pain shortly after beginning this job, and was unable to continue performing the duties required. Plaintiff sought worker's compensation benefits, claiming that his inability to perform the new job was a result of injuries he sustained in the 6 July 1987 accident.

Deputy Commissioner Garner denied plaintiff's claim, and plaintiff appealed to the full Commission pursuant to G.S. 97-85 and Worker's Compensation Rule 701. In accordance with the requirements of Rule 701(3), plaintiff filed a Form 44, "APPLICATION FOR REVIEW" stating "with particularity" the grounds for his appeal and including the following specific errors allegedly committed by Deputy Commissioner Garner:

1. Finding of Fact Number Three is in error. The Plaintiff did suffer physical injury as a result of his vehicular accident not as [a] result of his flagman's duties.

2. Finding of Fact Number Four is in error. The Plaintiff was injured by accident and his condition did not come on gradually as he attempted to perform his new duties.

3. Finding of Fact Number Five is in error in that credible evidence from the Plaintiff was presented that the Plaintiff was injured as a result of an accident.

On 24 September 1991, the full Commission entered the following:

The undersigned have reviewed the record in its entirety and find no reversible error.

In view of the foregoing, the Full Commission AFFIRMS and ADOPTS as its own the Opinion and Award as filed.

Plaintiff appeals.

*Popkin and Associates, by Samuel S. Popkin for plaintiff, appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General William H. Borden for defendant, appellee.*

HEDRICK, Chief Judge.

[1] The order of the full Commission denying plaintiff's claim under the Worker's Compensation Act fails to demonstrate that plaintiff received the review to which he was entitled under G.S. 97-85 and Workers' Compensation Rules of the N.C. Industrial Commission 701 which in pertinent part provides:

(1) A letter expressing an intent to appeal shall be considered notice of appeal to the Full Commission within the meaning of N.C.G.S. 97-85, provided that it clearly specifies the Order of Opinion and Award from which appeal is taken.

(2) After receipt of notice of appeal, the Industrial Commission will supply to the appellant Form 44 upon which he must state the grounds for his appeal. The grounds must be stated with particularity, including the specific errors allegedly committed by the Commissioner or Deputy Commissioner and the pages in the transcript on which the alleged errors are recorded . . . .

We explained in *Joyner v. Rocky Mount Mills*, 92 N.C. App. 478, 374 S.E.2d 610 (1988), *Vieregge v. N.C. State University*, 105 N.C. App. 633, 414 S.E.2d 771 (1992), and *Braswell v. Pitt County Mem. Hosp.*, 106 N.C. App. 1, 415 S.E.2d 86, 90 (1992), (Hedrick, CJ., concurring), the duties of the full Commission when considering an appeal from the Deputy Commissioner pursuant to G.S. 97-85 and Rule 701. Had plaintiff, in the present appeal to this Court, assigned as error the failure of the full Commission to afford him the review to which he was entitled under G.S. 97-85 and Rule 701, and had plaintiff additionally demonstrated on appeal to us that such failure of the full Commission to provide him with such review was prejudicial, we would remand the proceeding to the full Commission to "review the award, and, if good

STATE EX REL. UTILITIES COMM. v. CAROLINA UTILITY CUST. ASSN.

[106 N.C. App. 306 (1992)]

ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award." *See Braswell*, filed 7 April 1992.

[2]   While the decision entered by the full Commission in the present case indicates on its face that plaintiff was not afforded the review on appeal from the Deputy Commissioner to which he was entitled pursuant to G.S. 97-85, plaintiff has not assigned error to such failure upon the part of the full Commission. Nor does plaintiff argue that he was prejudiced in any way by any error upon the part of the full Commission. Plaintiff's sole question raised on appeal is set out in his brief as follows:

> 1. WHETHER THE EMPLOYEE PRESENTED CREDIBLE EVIDENCE TO PROVE THAT HE WAS INJURED BY AN ACCIDENT DURING THE COURSE OF HIS EMPLOYMENT WITH HIS EMPLOYER?

We have examined each of the findings of fact set out in the Deputy Commissioner's decision and find them to be supported by the evidence in the record. We also find that the conclusions of law drawn therefrom are supported by the findings, and that the findings and conclusions support the decision entered by the Deputy Commissioner. Therefore, the decision of the full Commission on appeal from the decision of the Deputy Commissioner will be affirmed.

Affirmed.

Judges LEWIS and WALKER concur.