SUSAN B. HARDIN, EX-WIFE AND KELLY HARDIN, MINOR DAUGHTER OF RANDY HARDIN, DECEASED, EMPLOYEE, PLAINTIFF v. VENTURE CONSTRUCTION COMPANY, EMPLOYER; CNA INSURANCE COMPANY, CARRIER; DEFENDANTS

No. 9110IC884

(Filed 20 October 1992)

**1. Master and Servant § 94.3 (NCI3d)— workers' compensation— remand for evidence and findings—failure of Commission to carry out duties**

The full Industrial Commission failed to carry out its duties under N.C.G.S. § 97-85 when it remanded a workers' compensation proceeding to the hearing commissioner to take further

**HARDIN v. VENTURE CONSTRUCTION CO.**

[107 N.C. App. 758 (1992)]

evidence and determine the deceased employee's average weekly wage.

**Am Jur 2d, Workers' Compensation §§ 686, 687.**

2. **Master and Servant § 95 (NCI3d) — workers' compensation — interlocutory order — no right of appeal**

No appeal lies from the interlocutory order of the Industrial Commission remanding a workers' compensation proceeding to the hearing commissioner to take further evidence and determine the deceased employee's average weekly wage.

**Am Jur 2d, Workers' Compensation §§ 688, 689.**

Judge LEWIS concurs in the result.

APPEAL by defendants from a decision of the North Carolina Industrial Commission (full Commission) entered 1 May 1991. Heard in the Court of Appeals 21 September 1992.

This is a proceeding wherein plaintiff Kelly Hardin seeks to recover benefits pursuant to the Worker's Compensation Act for the wrongful death of her father Randy Hardin which occurred in the course of his employment with defendant Venture Construction Company.

The record indicates the following: On 24 February 1987, while working on a job for defendant employer, the decedent fell from a roof approximately twelve feet high and hit his head on a concrete floor. As a result of this fall, Randy Hardin went into a coma and died on 9 April 1987.

On 25 February 1987, defendant employer filed a Form 19 reporting the accident. When plaintiff and defendant employer's insurance carrier were unable to agree on compensation, plaintiff requested a hearing before the Industrial Commission.

The hearing was held on 29 June 1989 before Deputy Commissioner Edward Garner, Jr. On 16 January 1990, Deputy Commissioner Garner entered a decision awarding plaintiff compensation pursuant to the statute at an unspecified rate since no evidence had been presented as to decedent's average weekly wage.

On 2 February 1990, defendants appealed the decision of the Deputy Commissioner to the full Commission. The appeal was heard by the full Commission, and a decision was entered affirming the

deputy's award and remanding the matter to the deputy for the taking of further evidence to determine plaintiff's average weekly wage. Defendants appealed.

*Harold F. Greeson for plaintiff, appellees.*

*Young, Moore, Henderson & Alvis, P.A., by Joseph W. Williford and Richard J. Archie, for defendant, appellants.*

HEDRICK, Chief Judge.

[1] On 1 May 1991, the North Carolina Industrial Commission (full Commission) entered the following order:

> The undersigned have reviewed the record with reference to the errors alleged and find no reversible error.

> In view of the foregoing, the Full Commission AFFIRMS and ADOPTS as its own the Opinion and Award as filed.

> It is ORDERED that this matter is REMANDED to the Deputy Commissioner for taking such further evidence as he deems necessary to determine the plaintiff's average weekly wage for the purposes of the compensation payable. It is FURTHER ORDERED that plaintiff forthwith submit to Deputy Commissioner Garner copies of the decedent's income tax returns for periods including the twelve months preceding his death, and that the defendant submit to the Deputy Commissioner copies of its records of the decedent's draws and payments pursuant to subcontracts entered into with defendant Venture. The parties shall serve opposing parties with copies of the said documents when submitted.

Once again, the full Commission has failed to carry out its duties pursuant to G.S. 97-85 and has compounded its failure by remanding the matter to the Deputy Commissioner to carry out the duties of the full Commission. G.S. 97-85; *Vieregge v. North Carolina State University*, 105 N.C. App. 633, 414 S.E.2d 771 (1992); *Joyner v. Rocky Mount Mills*, 92 N.C. App. 478, 374 S.E.2d 610 (1988).

[2] In the present case, defendants have attempted to appeal from an order of the Industrial Commission which is not final on its face, the Commission having enumerated the matters yet to be determined. G.S. 7A-29 and Rule 18(b)(2) of the North Carolina Rules of Appellate Procedure allow parties to appeal from final decisions of the North Carolina Industrial Commission. No appeal,

**HARDIN v. VENTURE CONSTRUCTION CO.**

[107 N.C. App. 758 (1992)]

however, lies from an interlocutory order of the Industrial Commission. *Lynch v. M.B. Kahn Construction Co.*, 41 N.C. App. 127, 254 S.E.2d 236, *disc. review denied*, 298 N.C. 298, 259 S.E.2d 914 (1979); *Vaughn v. North Carolina Dept. of Human Resources*, 37 N.C. App. 86, 245 S.E.2d 892, *aff'd*, 296 N.C. 683, 252 S.E.2d 792 (1978).

The action of the full Commission in remanding the matter to the Deputy Commissioner to "tak[e] such further evidence as he deems necessary to determine the plaintiff's average weekly wage" is a perfect example of the failure of the full Commission to carry out its duties which results in great delay in the employee receiving the benefits to which the Commission itself finds he is entitled. The "yo-yo" procedure, up and down, up and down, in which the full Commission engages works to defeat the very purpose of the Workers' Compensation Act. The North Carolina Industrial Commission is the only agency authorized to enter a final award in these cases. We have no authority to do so. We can only remand the proceeding to the full Commission to enter a final award which we hope will bring the matter to a conclusion, and the daughter of the deceased employee will finally receive the benefits to which she is entitled.

Appeal dismissed.

Judge WYNN concurs.

Judge LEWIS concurs in the result.