JOHNSON v. STANDARD SUNCO, INC.

[111 N.C. App. 926 (1993)]

JAMES JOHNSON, Plaintiff, Petitioner v. STANDARD SUNCO, INC., Employer, and TRAVELERS INSURANCE COMPANY, Carrier, Defendants

No. 93IC334PM

(Filed 8 October 1993)

ORDER

On 7 September 1993 plaintiff filed a petition for a writ of mandamus, pursuant to Rule 22 of the North Carolina Rules of Appellate Procedure, to compel compliance by the North Carolina Industrial Commission with two previously entered decisions by the North Carolina Court of Appeals in this case. The record reveals that this Court has twice remanded this matter to the Industrial Commission for findings of fact and conclusions of law. In an Opinion and Award filed 31 August 1993, the Industrial Commission failed to make any findings of fact or conclusions of law as this Court mandated in an opinion filed 7 July 1992.

The Industrial Commission habitually ignores clear mandates from this Court. See, e.g., Hardin v. Venture Constr. Co., 107 N.C. App. 758, 421 S.E.2d 601 (1992); Faircloth v. N.C. Dep't. of Transp., 106 N.C. App. 303, 416 S.E.2d 409 (1992); Braswell v. Pitt County Memorial Hosp., 106 N.C. App. 1, 415 S.E.2d 86 (1992); Vieregge v. N.C. State Univ., 105 N.C. App. 633, 414 S.E.2d 771 (1992); Joyner v. Rocky Mount Mills, 92 N.C. App. 478, 374 S.E.2d 610 (1988). Other Industrial Commission cases currently pending in this Court, with the Industrial Commission's decision coming long after clear directives from this Court, evidence an intentional and willful disregard for this Court's mandates. See, e.g., Lancaster v. G & M Masonry, Inc., (No. 9210IC1029, heard 28 September 1993); Radica v. Carolina Mills, (No. 9210IC1239, calendared for 26 October 1993); and Baynard v. H-Hamrick & Haynes Auto Sales, Inc. (No. 9210IC1244, calendared for 26 October 1993). As Chief Judge Hedrick observed in Hardin, "[t]he 'yo-yo' procedure, up and down, up and down, in which the full Commission engages works to defeat the very purpose of the Workers' Compensation Act." Hardin, 107 N.C. App. at 761, 421 S.E.2d at 602-03.

Furthermore, the Industrial Commission's obvious disregard of mandates from the appellate courts disrupts the efficiency of our judicial system. As our Supreme Court has observed, "Upon appeal our mandate is binding upon [a lower court] and must be

**JOHNSON v. STANDARD SUNCO, INC.**

[111 N.C. App. 926 (1993)]

strictly followed without variation or departure. No judgment other than that directed or permitted by the appellate court may be entered. 'Otherwise, litigation would never be ended . . . .'" *D & W, Inc. v. Charlotte*, 268 N.C. 720, 722-23, 152 S.E.2d 199, 202 (1966) (quoting *Collins v. Simms*, 257 N.C. 1, 11, 125 S.E.2d 298, 306 (1962)). *See also Severance v. Ford Motor Co.*, 105 N.C. App. 98, 100-01, 411 S.E.2d 618, 620 (1992).

The plaintiff's petition for writ of mandamus is allowed. Within 14 days of the date of this writ, the Industrial Commission shall issue an Opinion and Award in Industrial Commission Case No. I.C. 033019, fully complying with this Court's mandate in its opinion of 7 July 1992 (Court of Appeals Docket No. 9110IC711), and shall cause a copy of said Opinion and Award to be filed with the Clerk of the Court of Appeals within 14 days of the date of this writ.

This the 8th day of October, 1993.

The foregoing order is therefore certified to the Executive Secretary North Carolina Industrial Commission.

Witness my hand and official seal this the 8th day of October, 1993.

s/ JOHN H. CONNELL
Clerk of the Court of Appeals