When a matter is appealed to the Full Commission pursuant to N.C.G.S. § 97-85, it is the duty and responsibility of the Full Commission to decide all the matters in controversy between the parties. Vieregge v. North Carolina State Univ., 105 N.C. App. 633,414 S.E.2d 771 (1992). The Commission may make its own determination as to the weight and credibility of the evidence.Keel v. H V Inc., 107 N.C. App. 536, 421 S.E.2d 362 (1992).
In the current case, the majority has denied plaintiff's claim based on the theory that plaintiff's fall did not arise out of and in the course of her employment. I cannot agree with this position.
Defendant alleges that plaintiff's pregnancy caused her to become light-headed and as a result of this condition she fell on June 3, 1993 while working. However, defendants did not offer any medical testimony to substantiate this position.
On the other hand, plaintiff testified that she was unusually hot in the workplace on this particular day (June 3, 1993). Ms. Barbara Bryant, the restaurant manager, could not confirm or deny the temperature in the restaurant that day. Further, defendants did not offer any evidence to prove that the air conditioning system was working properly that day. In Hoffman v. Ryder TruckLines, 306 N.C. 502, 293 S.E.2d 807 (1982), the Supreme Court of North Carolina held that in most cases, the benefit of the doubt concerning the issue of whether claims should be compensable or not should be given to the employee in accordance with the established policy of liberal construction and application of the Workers' Compensation Act.
In Vause v. Vause Farm Equipment Co., 233 N.C. 88,63 S.E.2d 173 (1951), the Supreme Court of North Carolina held that, in order for an accident to arise out of employment, it is not required that a hazard of the employment be the sole cause of the accident, but it is sufficient if the physical aspects of the employment contribute in some reasonable degree towards bringing about or intensifying the condition which renders the employee susceptible to the accident and consequent injury.
In this case, the physical aspects of the restaurant, with the grill, heat lamps, and fryers all operating at the same time, brought about Ms. Bowling's fall and consequent injury.
The defendants in this action have attempted to link Ms. Bowling's fall and injury to the fact that Ms. Bowling was four and one-half months pregnant. However, prior to the June 3, 1993 accident, Ms. Bowling had not felt light-headed. (R. p. 16.) In fact, Ms. Bowling conceived another child prior to this pregnancy, and she was not dizzy or lightheaded at any time during that pregnancy period. The defendants' argument that Ms. Bowling's pregnancy caused her to fall and caused the injury to her back is unsupported by any evidence whatsoever. The testimony elicited from the depositions of Dr. Jason Davis, D.C. and Dr. Kay, M.D. of Duke University Medical Center fails to support the defendants' contention that Ms. Bowling's pregnancy caused her to fall.
Furthermore, in Fields v. Tompkins-Johnston Plumbing Co.,224 N.C. 841, 32 S.E.2d 623 (1945), the Supreme Court of North Carolina held, in pertinent part, that where employment subjects a workman to a special or particular hazard from the elements such as excessive heat or cold, likely to produce sunstroke or freezing, death or disability resulting from such cause usually comes within the purview of the Compensation Acts.
Therefore, based upon the rationale given above, I must respectfully DISSENT from the majority opinion.
 ______________________________ COY M. VANCE COMMISSIONER
CMV/CNP/tmd c\c\d\d340528