When a matter is appealed to the Full Commission pursuant to N.C.G.S. § 97-85, it is the duty and responsibility of the Full Commission to decide all the matters in controversy between the parties. Viergegge v. North Carolina State Univ., 105 N.C. App. 633,414 S.E.2d 771 (1992). The Commission may make its own determination as to the weight and credibility of the evidence.Keel v. H V, Inc., 107 N.C. App. 536, 421 S.E.2d 362 (1992).
The majority finds that plaintiff's July 1993 complaints are not related to his February 1993 injury. It is from this finding that I must dissent.
The evidence presented in this case has convinced this Commissioner that plaintiff's claim for relief should be granted. The facts reveal that Dr. Jordan found plaintiff to have a bulging disc at L3-L4. There was no evidence presented that plaintiff had a bulging disc problem except for a mild back injury he sustained 20 years ago.
Dr. Jaufmann, from his diagnosis, stated "even after plaintiff's fall, plaintiff has experienced low and mild back pain." This is the doctor's testimony, not plaintiff's. The law states: "In close cases the benefit of the doubt concerning compensation should be given to the employee in accordance with the established policy of liberal construction and application of the Workers' Compensation Act." Hoffman v. Ryder Truck Lines,Inc., 306 N.C. 502, 293 S.E.2d 807 (1982).
 S/ _________________ COY M. VANCE COMMISSIONER
CMV/cnp/mj 6/26/95