I respectfully dissent from the majority decision to reverse the Deputy Commissioner's Opinion and Award.
The record shows that plaintiff appeared pro se at the hearing before the Deputy Commissioner. Thereafter, plaintiff failed to file timely notice of appeal. Plaintiff subsequently obtained counsel and filed a Motion for Reconsideration Under Rule 60(b) of the North Carolina Rules of Civil Procedure before the Deputy Commissioner. In his Motion for Reconsideration, plaintiff argued that because he was unrepresented at the hearing, he was not equipped to present a comprehensive statement of his case. Plaintiff requested (1) that the case be reopened, allowing the presentation of further evidence from plaintiff's physician regarding his disability status; (2) that the Deputy Commissioner reconsider his rulings in regard to ongoing disability benefits and election of remedy; and (3) for a determination of compensability regarding plaintiff's alleged back injury. In addition, plaintiff requested that all parties be permitted to submit contentions on these issues.
By order dated 12 May 1997, plaintiff's motion was denied. On 27 May 1997, plaintiff timely filed notice of appeal to the Full Commission "pursuant to N.C.G.S. 97-85 and Rule 701 of the Workers' Compensation Rules of the North Carolina Industrial Commission, from the Order entered by Deputy Commissioner John A. Hedrick filed in this matter on May 12, 1997, and received in this office on May 13, 1997." It is the belief of the undersigned that the Full Commission's review in this case is limited to whether the denial of plaintiff's Motion to Reconsider was proper. Upon a ruling by the Full Commission that the denial of the motion was entered in error, the procedural result is limited to the remand of the case to the Deputy Commissioner for a rehearing wherein plaintiff is represented by counsel and the remaining issues are reconsidered in light of the case so presented.
Rule 701 of the Workers' Compensation Rules governs the taking of an appeal to the Full Commission. Section (1) allows notice of appeal by letter, "provided that it clearly specifies the Order or Opinion and Award from which appeal is taken." The Rule further provides that upon receipt of notice of appeal, "the Industrial Commission will supply to the appellant Form 44 upon which he must state the grounds for his appeal. The grounds must be stated in particularity, including the specific errors allegedly committed by the Commissioner or Deputy Commissioner . . . ." Rule 701(2). Plaintiff has, in his initial letter of notice, his Form 44, and his brief to the Full Commission, repeatedly limited the taking of his appeal to the Order denying his Motion for Reconsideration.
The majority has noted in its Opinion and Award that plaintiff's failure to provide timely notice of appeal constitutes excusable neglect. It appears that this finding is used to justify addressing the rulings contained in the Opinion and Award filed by the Deputy Commissioner as though appeal was taken from that document. However, plaintiff has clearly limited his notice of appeal to the Order denying his Motion for Reconsideration. Nowhere has plaintiff alleged that his failure to timely file notice of appeal from the Opinion and Award was due to excusable neglect. In fact, plaintiff has never attempted to obtain review of the Opinion and Award. Accordingly, the majority's attempt to do so constitutes a circumvention of the procedural rules which is not warranted under the facts of this case.
The majority has cited cases by which the Industrial Commission has been granted the power to "decide all issues and consider every aspect of each claim," Viergegge v. North CarolinaState University, 105 N.C. App. 633, 414 S.E.2d 771 (1992), and "to review and reconsider evidence, receive additional evidence, strike findings of fact made by a deputy commissioner and, if proper, amend an award." Brewer v. Powers Trucking Co., 256 N.C. 175,123 S.E.2d 608 (1962). However, these powers are conferred upon the Commission when a matter has been properly appealed to the Full Commission. "The Workmen's Compensation Act of North Carolina provides orderly procedure after an award is entered upon findings of fact and conclusions of law by the hearing Commissioner." Id. At 181. Where there is no appeal from the Opinion and Award of the Deputy Commissioner, these cases do not apply.
The majority also cites Rule 801, entitled "Waiver of the Rules" to justify addressing and reversing the Opinion and Award of the Deputy Commissioner. The Rule states that in the interest of justice, the Commission may waive the Rules. "The rights of any unrepresented plaintiff will be given special consideration in this regard, to the end that a plaintiff without an attorney shall not be prejudiced by mere failure to strictly comply with any one of these rules." It should be noted that on appeal to the Full Commission, plaintiff was represented by counsel. Further, upon remand to the Deputy Commissioner for rehearing, plaintiff will also be represented by counsel. Accordingly, there is no basis to invoke Rule 801, for justice is served by reversing the denial of the Motion for Reconsideration and allowing plaintiff to proceed to present his case with proper representation.
The majority correctly notes that factors to be considered upon review pursuant to Rule 60(b) "include whether [plaintiff] had an opportunity to present his claim and whether any additional equities urge reconsideration." The undersigned does not dispute that since plaintiff was unrepresented at the hearing, he may have been denied the opportunity to adequately present an admittedly complicated claim. However, there is no basis in law or equity which supports the leap from allowing reconsideration to review and reversal of an Opinion and Award which has not been appealed.
For the above reasons, I dissent from the majority Opinion and Award, and would vote to reverse the denial of plaintiff's Motion to Reconsider and remand this matter to the Deputy Commissioner.
 S/ _______________ DIANNE C. SELLERS COMMISSIONER