IRA EARL JOYNER, EMPLOYEE, PLAINTIFF v. ROCKY MOUNT MILLS, EMPLOYER, AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER-DEFENDANTS

No. 8610IC1053

(Filed 5 May 1987)

**Master and Servant § 96.1— workers' compensation—failure to order payment of medical expenses—scope of appeal**

> Where the record in a workers' compensation case indicated that the Deputy Commissioner never awarded medical expenses, that plaintiff did not appeal from the Deputy Commissioner's opinion and award, and that the sole issue on appeal before the full Commission was the propriety of the amounts awarded for loss of lung function and attorney fees, plaintiff failed properly to preserve his right to appeal the failure of the Deputy Commissioner to order payment of future medical expenses under N.C.G.S. § 97-59.

> Judge ORR concurs in the result.

> Judge JOHNSON joins in the concurring opinion.

APPEAL by plaintiff from the opinion and award of the Industrial Commission filed 22 April 1986. Heard in the Court of Appeals 10 March 1987.

On 30 July 1981 plaintiff filed a claim pursuant to G.S. 97-53 (13) for workers' compensation benefits for an occupationally related lung disease. Following a hearing and the taking of medical testimony the Deputy Commissioner found as fact that plaintiff suffered from severe chronic obstructive pulmonary

Joyner v. Rocky Mount Mills

disease with probable byssinosis; that plaintiff's employment placed him at a greater risk of contracting the disease; that cigarette smoking contributed to plaintiff's lung disease but that the greater part of plaintiff's permanent lung impairment was caused by exposure to cotton dust during employment; that plaintiff would benefit from a continuing program of medical treatment for his lung disease; but that plaintiff is not, however, either partially or totally disabled from work as a result of his lung disease.

The Deputy Commissioner concluded as a matter of law that plaintiff suffers from a 25 to 30 percent permanent loss of function in both lungs, and awarded compensation for loss of lung function in the amount of $8,000.00 per lung. G.S. 97-31(24); *Harrell v. Harriet & Henderson Yarns*, 314 N.C. 566, 336 S.E. 2d 47 (1985).

Defendants appealed to the full Commission assigning as error the Deputy Commissioner's award of $8,000.00 per lung as improper and inequitable. The plaintiff did not appeal. The Commission affirmed the opinion and award of the Deputy Commissioner but modified the amount payable for loss of lung function to $4,000.00 per lung and reduced the Deputy Commissioner's award of attorney fees from $4,000.00 to $2,000.00. From the order and award of the Commission, plaintiff appeals.

*Lore & McClearen by R. James Lore for plaintiff-appellant.*

*Maupin Taylor Ellis & Adams by Richard M. Lewis and Steven M. Rudisill for defendant-appellees.*

EAGLES, Judge.

By his only assignment of error plaintiff contends that he is entitled to future medical expenses under G.S. 97-59 and that the full Commission erred in failing to address that issue in its opinion and award. The full Commission affirmed the opinion and award of the Deputy Commissioner, modifying it only to reduce by one-half the award for loss of function to each lung and attorney fees. The Deputy Commissioner found as fact that "plaintiff would benefit from a continuing program of medical treatment for his lung disease." However, the Deputy Commissioner made no award for medical expenses pursuant to G.S. 97-59 and plaintiff never appealed from that opinion and award. Only the defendants

appealed to the full Commission and the record before us states that the sole issue on appeal was whether the commissioner "erred in awarding plaintiff compensation in the amount of $8,000 per lung pursuant to G.S. 97-31(24)." Rule 701(c) of the Rules of the Industrial Commission states that:

> Particular grounds for appeal not set forth in the application for review shall be deemed to be abandoned and argument thereon shall not be heard before the Full Commission. *The non-appealing party is not required to file conditional assignments of error in order to preserve his rights for possible further appeals.* [Emphasis added.]

Plaintiff's assignment of error that the Deputy Commissioner erred in failing to award medical expenses under G.S. 97-59 is not a "conditional assignment of error." The record does not support plaintiff's assertion in his brief that the issue was properly brought to the attention of the full Commission. There is nothing in the record or in the full Commission's opinion and award about medical expenses pursuant to G.S. 97-59. Plaintiff has excepted to the full Commission's modification of the amounts awarded for loss of lung function and attorney fees. However, plaintiff has not challenged the Commission's reduction of the amounts awarded.

Plaintiff has failed to properly preserve his right to appeal the failure of the Deputy Commissioner to order payment of medical expenses under G.S. 97-59. The *record* must in some way reflect that the matter was before the full Commission. There is no evidence *in the record* that the matter was ever addressed by the full Commission. All that is clear from this record is that the Deputy Commissioner never awarded medical expenses; that the plaintiff did not appeal from the Deputy Commissioner's opinion and award; and that the sole issue on appeal before the full Commission was the propriety of the amounts awarded for loss of lung function and attorney fees. Accordingly, the appeal is dismissed.

Dismissed.

Judges JOHNSON and ORR concur in the result.

Judge ORR concurs in the result, with this concurring opinion.

N.C.G.S. § 97-59 extends medical benefits if treatment is "required to . . . provide needed relief . . . ." Such a finding, supported by competent evidence, mandates an award of medical expenses for so long as the treatment provides needed relief. *Smith v. American & Efird Mills*, 305 N.C. 507, 290 S.E. 2d 634 (1982).

N.C.G.S. § 97-59 further provides by a literal interpretation of its language that payment for such treatment *shall* be paid by the employer in cases (1) "in which awards are made for . . . damage to organs as a result of an occupational disease" and (2) "after bills for same have been approved by the Industrial Commission."

In the case *sub judice*, the Full Commission adopted the finding of the Deputy Commissioner "that the plaintiff would benefit from a continuing program of medical treatment for his lung disease." No appeal from this finding has been taken.

Secondly, this is a case in which a final award has been made for damage to plaintiff's lungs as a result of an occupational disease.

Finally, however, at this point there is nothing in the record evidencing that any medical bills for the extended medical benefits applicable under N.C.G.S. § 97-59 have been submitted to or approved by the Industrial Commission, nor approved and not paid by the employer. In light of that fact, I concur in the conclusion of the majority opinion that the issue of medical benefits is not now before us and the appeal should be dismissed.

Judge JOHNSON joins in this concurring opinion.