Strickland v. Burlington Industries, Inc.

V

---

MARY ALENE STRICKLAND, Employee, Plaintiff v. BURLINGTON INDUSTRIES, INC., Employer, and LIBERTY MUTUAL INSURANCE CO., Carrier, Defendants

No. 8610IC1273

(Filed 18 August 1987)

1. **Master and Servant § 68— workers' compensation—byssinosis—expert testimony sufficient to support Commission's finding**

    Medical expert opinion testimony was sufficient to support the Industrial Commission's finding of fact that plaintiff had the occupational disease byssinosis as a result of her exposure to cotton dust while in defendant's employ.

2. **Master and Servant § 68— workers' compensation—permanency of lung damage—finding supported by evidence**

    The Industrial Commission's finding that damage to plaintiff's lungs was permanent was adequately supported by the evidence where an expert medical witness testified that plaintiff was still capable of ordinary activity, but he also testified that damage to her lungs was permanent.

3. **Master and Servant § 69— workers' compensation—no evidence of total incapacity to earn wages—compensation for loss of lung function proper**

 Where there was no evidence that plaintiff suffered a total incapacity to earn wages because of her byssinosis, the Industrial Commission properly compensated plaintiff under N.C.G.S. § 97-31(24) for loss of lung function rather than under N.C.G.S. § 97-29.

4. **Master and Servant § 69— workers' compensation—byssinosis—no award for heart problems—no relationship between problems shown**

 The Industrial Commission did not err in failing to make an award for plaintiff's heart problems under N.C.G.S. § 97-31 where there was no evidence that plaintiff's heart problems were caused by or affected by her occupational disease.

5. **Master and Servant § 75— workers' compensation—future medical expenses**

 A workers' compensation proceeding is remanded to the Industrial Commission for a determination as to whether further medical treatments are required to provide needed relief, and, if such a finding is made, plaintiff is entitled to an award for future medical expenses under N.C.G.S. § 97-59.

APPEAL by plaintiff and defendants from the Opinion and Award of the Industrial Commission filed 27 August 1986. Heard in the Court of Appeals 8 June 1987.

This is a lung disease case in which the Industrial Commission awarded plaintiff $5,000 in benefits for "partial loss of lung function" pursuant to N.C.G.S. § 97-31(24) of the Workers' Compensation Act. Both plaintiff and defendants appealed from this award. We affirm the decision of the Industrial Commission.

Plaintiff is 66 years old with only a fourth grade education. Other than her textile experience and sewing ability, she has had no other training or employment skills.

In 1944, she worked for approximately eight months in what is now Burlington Industries. In 1952, she resumed her employment with Burlington Industries and worked there until 1970 under working conditions which she described as very dusty. In 1970, plaintiff left Burlington Industries because of her arthritis and shortly thereafter went to work for Bonder's Coat Manufacturing as a seamstress. She worked there until December, 1974, when she again had to stop working because of her arthritis.

In 1956, plaintiff first began to have breathing problems which took the form of bronchitis and were characterized by a shortness of breath. She had never smoked cigarettes and had no

breathing problems before working at the mill. Plaintiff testified that her breathing problems improved when she was out of the mill on weekends and became worse when she returned for her shift on Sunday evenings. She also stated that her symptoms got progressively worse over the years of her employment at Burlington Industries. She eventually had to seek medical treatment and had to take prescribed medications for these problems. She was also hospitalized because of her bronchitis, "heavy colds" and "hard breathing."

In 1979, plaintiff first saw her present physician, Dr. Hasham, who diagnosed her breathing problems as emphysema, bronchitis and chronic obstructive pulmonary disease. He referred her to Dr. Rubin, a pulmonary disease specialist, who diagnosed plaintiff's condition as "mild obstructive lung disease." Dr. Rubin determined that she had permanent lung damage as a result of her exposure to cotton dust, but that her impairment did not impinge on her ability to work in a non-dusty environment.

On 23 June 1980, plaintiff filed a claim with the Industrial Commission. The Deputy Commissioner's Opinion and Award concluded that plaintiff has the occupational disease byssinosis which had caused permanent injury to both of her lungs as a result of her occupational exposure to cotton dust at defendant-employer. The Deputy Commissioner awarded compensation in the amount of $3,500 pursuant to N.C.G.S. § 97-31(24) and ordered defendants to pay all medical expenses incurred by plaintiff when submitted through the carrier for approval by the Industrial Commission.

Defendants filed an Application for Review to the Full Commission which adopted the Deputy Commissioner's order, but increased plaintiff's award to $5,000. From this opinion and award, both parties appeal.

*Lore & McClearen, by R. Edwin McClearen, attorney for plaintiff-appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by C. Ernest Simons and Steven M. Sartorio, attorneys for defendant-appellants.*

Strickland v. Burlington Industries, Inc.

ORR, Judge.

I.

[1] Defendants argue that plaintiff failed to prove that she sustained a compensable occupational lung disease, because there was no evidence that her respiratory problems were caused by her employment at Burlington Industries. We disagree.

To receive benefits for an occupational disease under the Workers' Compensation Act, N.C.G.S. Chapter 97, there must be a causal connection between the plaintiff's disease and her employment. *Rutledge v. Tultex Corp.*, 308 N.C. 85, 93, 301 S.E. 2d 359, 365 (1983).

In the case *sub judice*, plaintiff used the expert opinion testimony of Dr. Rubin to prove the causal connection between her injury and her employment conditions. An expert witness may base his testimony on his personal knowledge or observation or on hypothetical questions addressed to him. *Todd v. Watts*, 269 N.C. 417, 152 S.E. 2d 448 (1967). When a party uses a hypothetical question, that question must:

> (1) list only such facts as are directly in evidence *or may justifiably be inferred therefrom*, (2) list enough facts to allow the witness to express an intelligent and safe opinion, and (3) make it clear that the opinion is based on the hypothesis that the facts listed will be found by the [jury] to exist. 1 Stansbury, North Carolina Evidence, Sec. 137 (Brandis Rev. 1982).

*Ballenger v. ITT Grinnell Industrial Piping*, 80 N.C. App. 393, 399-400, 342 S.E. 2d 582, 587 (1986) (emphasis supplied).

Plaintiff's attorney asked Dr. Rubin several hypothetical questions, all based upon the same set of hypothetical facts. As stated, these facts were:

> That Ms. Mary Alene Strickland was born on April 19, 1921, and began working for what is now Burlington Industries in about late 1944, and worked for about six months as a winder, and that cotton was the material being processed, and it was dusty.

> She returned to work with Burlington Industries in 1952 in the spool room, where she worked until November of 1970, at

which time she left. Cotton was the material being processed during this period, and the conditions were dusty then.

Beginning approximately 1956, she began noticing periods of bronchitis with the production of sputum. Her symptoms were brought on by exposure at work, and would improve upon leaving work, especially on the weekends.

She had shortness of breath and cough, which was made worse by return to work on Monday morning. Her symptoms progressed to the point where, before she left work in 1970, it in her opinion, limited her ability to do her job. The patient still produces sputum, and she had no breathing problems prior to going to work at Burlington Industries. She had never smoked cigarettes.

Based on these facts Dr. Rubin testified through a series of hypothetical questions that in his opinion, plaintiff's exposure to cotton dust at Burlington Industries could have caused her lung disease and lung impairment.

Defendants argue that Dr. Rubin's opinion testimony should be stricken and not considered as evidence because the stated facts were incomplete and inaccurate regarding plaintiff's condition and her work history. For instance, defendants contend that the facts did not include any information on plaintiff's exact exposure to cotton dust at Burlington Industries or whether she was exposed to cotton dust at Bonder's. In addition, the facts do not state that plaintiff quit her jobs at Burlington Industries and at Bonder's because of her arthritis and not because of her lung impairment. However, "the omission of a material fact from a hypothetical question does not necessarily render the question objectionable, or the answer incompetent. . . . It is left to the cross-examiner to bring out facts . . . that have been omitted [from the hypothetical question] and thereby determine if their inclusion would cause the expert to modify or reject his or her earlier opinion." *Ballenger v. ITT Grinnell Industrial Piping*, 80 N.C. App. at 400, 342 S.E. 2d at 587.

The Industrial Commission's findings of fact in a workers' compensation award are conclusive and binding on appeal if they are supported by the evidence. *Hilliard v. Cabinet Co.*, 54 N.C. App. 173, 282 S.E. 2d 828 (1981) *rev'd on other grounds*, 305 N.C.

---

Strickland v. Burlington Industries, Inc.

---

593, 290 S.E. 2d 682 (1982). We hold that the evidence in the case *sub judice* supports the Commission's finding of fact that plaintiff has the occupational disease byssinosis as a result of her exposure to cotton dust at Burlington Industries.

[2] Defendants also argue that plaintiff has not sustained a compensable occupational disease, because the evidence fails to show that there was any permanent injury to plaintiff's lungs. We find this contention to be without merit.

In order to recover for an injury under N.C.G.S. § 97-31(24), a plaintiff "must show from medical evidence that he has loss of or permanent injury to an *important* external or internal organ . . . ." *Porterfield v. RPC Corp.*, 47 N.C. App. 140, 142-43, 266 S.E. 2d 760, 762 (1980) (emphasis supplied).

Defendants argue that the damage to plaintiff's lungs is not permanent, because Dr. Rubin testified that plaintiff is still capable of ordinary activity and that her lung impairment is reversible. However, Dr. Rubin also testified that the damage to plaintiff's lungs was permanent and stated that:

> Once there is damage to the airways, the airways are damaged permanently. You may be able to return the physiology, the functioning of the airways, close to normal. But the structural abnormality persists.

From this testimony we hold that the Commission's finding that damage to plaintiff's lungs was permanent was adequately supported by the evidence and is therefore binding upon this Court.

II.

[3] Plaintiff argues that the Industrial Commission erred in basing its award on N.C.G.S. § 97-31, the scheduled damage provision, rather than on N.C.G.S. § 97-29, the wage loss provision.

Before compensation may be awarded under N.C.G.S. § 97-29, N.C.G.S. § 97-30 or N.C.G.S. § 97-31, of the Workers' Compensation Act, "disability" must exist. *West v. Bladenboro Cotton Mills*, 62 N.C. App. 267, 302 S.E. 2d 645 (1983). Disability is defined by the Workers' Compensation Act as the incapacity to earn wages because of injury, rather than physical disablement or impairment. N.C.G.S. § 97-2(9) (1985). The Supreme Court has fur-

ther stated that in order to find disability the Industrial Commission must find:

> (1) that the plaintiff was incapable after his injury of earning the same wages he earned before his injury in the same employment, (2) that the plaintiff was incapable after his injury of earning the same wages he earned before his injury in any other employment, and (3) that the plaintiff's incapacity to earn was caused by his injury.

*Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 186, 345 S.E. 2d 374, 379 (1986).

In the case *sub judice* the Industrial Commission found as a fact that:

> Plaintiff has a permanent disability as a result of the occupational disease byssinosis in that she has permanent injury to two important internal organs, the lungs.

Having found that plaintiff suffered a permanent injury to her lungs, the Industrial Commission made an award under N.C.G.S. § 97-31, the scheduled organ damage provision. Under this provision a worker may receive compensation even if he cannot demonstrate loss of wage-earning capacity, because losses included in the schedule are conclusively presumed to diminish wage-earning ability. *Loflin v. Loflin*, 13 N.C. App. 574, 186 S.E. 2d 660, *cert. denied*, 281 N.C. 154, 187 S.E. 2d 585 (1972).

Plaintiff contends, however, that since the Industrial Commission made a finding of permanent disability, it should have also made findings regarding her loss of wage-earning capacity and then made an award under N.C.G.S. § 97-29. Often an award under N.C.G.S. § 97-29 better fulfills the policy of the Workers' Compensation Act than an award under N.C.G.S. § 97-31(24), because it is a more favorable remedy and is more directly related to compensating a worker's inability to work. *West v. Bladenboro Cotton Mills*, 62 N.C. App. 267, 302 S.E. 2d 645.

In the present case, plaintiff suffered a permanent disability to her lungs for which she was compensated under N.C.G.S. § 97-31(24). Compensation under N.C.G.S. § 97-29 is available only where a total incapacity to earn wages occurs. There is no evidence that plaintiff suffered a total incapacity to earn wages be-

cause of her byssinosis so as to warrant an award under N.C.G.S. § 97-29. Therefore, we affirm the Industrial Commission's award under N.C.G.S. § 97-31(24).

**[4]** Plaintiff argues that if the Industrial Commission was correct in making an award under N.C.G.S. § 97-31, that it should have made an additional award under that section for the damage to her heart as a result of her occupational disease. We disagree.

Plaintiff's medical records reveal evidence of a heart condition, cardiomegaly and an enlarged heart. Dr. Rubin did testify that there was a relationship between *severe* chronic obstructive lung disease and chronic heart disease, and that *significant* obstructive lung disease can be a factor in the worsening of heart disease. However, Dr. Rubin testified that plaintiff had only "mild" obstructive lung disease, so any testimony on whether "severe" or "significant" obstructive lung disease can cause or aggravate heart disease is irrelevant to plaintiff's condition. In addition, nothing in Dr. Rubin's testimony concerning the relationship between occupational lung disease and heart problems relates specifically to plaintiff's own heart condition and respiratory problems.

Since there is no evidence that plaintiff's heart problems were caused or impacted by her occupational disease, we hold that the Industrial Commission did not err in failing to make an award for plaintiff's heart problems under N.C.G.S. § 97-31.

**[5]** Plaintiff contends that the Industrial Commission erred in failing to make an award for future medical expenses under N.C.G.S. § 97-59.

"G.S. 97-59 requires the Commission to award expenses for future medical treatment to an employee who suffers from an occupational disease for so long as that treatment will either 'lessen the period of disability' or 'provide needed relief.' *Smith v. American & Efird Mills*, 305 N.C. 507, 290 S.E. 2d 634 (1982); G.S. 97-59." *Heffner v. Cone Mills Corp.*, 83 N.C. App. 84, 86, 349 S.E. 2d 70, 73 (1986).

In the case at bar, the Industrial Commission's award included the following:

Defendants shall pay all medical expenses incurred by the plaintiff as a result of said occupational disease when bills for

---

**Strickland v. Burlington Industries, Inc.**

---

the same are submitted through the carrier for approval by the Industrial Commission.

It is unclear from this language whether the Industrial Commission intended to include future medical expenses in this award. In addition, the Industrial Commission failed to make any findings that future treatment would or would not "provide needed relief." It appears from the evidence, however, that plaintiff would benefit from a continued program of medical treatment. Dr. Rubin stated that in his opinion a continued program of medical treatment would lessen the impairment to plaintiff's lungs. He also stated that people with plaintiff's form of lung disease experience deterioration in lung function, which can be prevented or minimized by bronchodilator therapy. Therefore, we remand this part of the case to the Industrial Commission for a determination of whether future medical benefits are "required to . . . provide needed relief." N.C.G.S. § 97-59 (1985).

The Commission has already made an award to plaintiff for damage to her lungs as a result of an occupational disease. Therefore, a finding that future medical treatment would provide plaintiff with "needed relief," entitles plaintiff to medical treatment under N.C.G.S. § 97-59.

N.C.G.S. § 97-59 provides by a literal interpretation of its language that payment for medical treatment "to provide needed relief" *shall* be paid by the employer in cases (1) "in which awards are made for . . . damage to organs as a result of an occupational disease" and (2) "after bills for same have been approved by the Industrial Commission." *See Joyner v. Rocky Mount Mills*, 85 N.C. App. 606, 609, 355 S.E. 2d 161, 162 (1987).

We have reviewed plaintiff's remaining assignments of error and find them to be without merit.

For the foregoing reasons, we affirm the Industrial Commission's finding that plaintiff has byssinosis and its corresponding award under N.C.G.S. § 97-31(24) for damage to an internal organ. We remand to the Industrial Commission for additional findings on the issue of future medical expenses.

As to defendants' appeal, we affirm. As to plaintiff's appeal, we remand for additional findings on future medical expenses, but otherwise affirm.

Judges PHILLIPS and EAGLES concur.