IRA EARL JOYNER, EMPLOYEE, PLAINTIFF v. ROCKY MOUNT MILLS, EMPLOYER; LIBERTY MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8810IC531

(Filed 30 December 1988)

**1. Master and Servant § 75— workers' compensation—future medical expenses**

    If the Industrial Commission awards compensation for damage to an employee's lungs and future medical treatment will provide needed relief, the employee is entitled under N.C.G.S. § 97-59 to have the employer pay for such treatment.

Joyner v. Rocky Mount Mills

**2. Master and Servant § 85.3— workers' compensation—future medical expenses —issue before full Commission**

It is the duty and responsibility of the full Industrial Commission to make detailed findings of fact and conclusions of law with respect to every aspect of the case before it, and the Commission may not use its own rules to deprive a plaintiff of the right to have his case fully determined; therefore, where plaintiff's original claim for compensation for chronic obstructive lung disease included a request for future medical expenses, and an award was made for loss of lung function, the full Commission erred in denying plaintiff's motion for the payment of future medical expenses on the ground that the issue of future medical expenses was not properly preserved under the Commission's rules.

APPEAL by plaintiff from the North Carolina Industrial Commission. Order entered 17 December 1987. Heard in the Court of Appeals 7 December 1988.

This is a proceeding in which plaintiff seeks the payment of future medical expenses and attorney's fees under the Workers' Compensation Act. On 30 July 1981, plaintiff first filed a claim with the North Carolina Industrial Commission seeking compensation for an occupational disease and for future medical expenses. On 3 March 1982, Commissioner Charles A. Clay held a hearing with respect to plaintiff's claims. Thereafter, on 5 December 1985, Commissioner Clay, as a hearing officer, filed an "Opinion and Award," wherein he made detailed findings of fact which, except where quoted, are summarized as follows:

Plaintiff began working for defendant-employer in August 1946. He worked as a sweeper and "bobbin dumper" at the employer's mill. He discontinued working for defendant-employer in September 1969. During his 23 years at the mill, plaintiff worked in a dusty environment due to cotton dust, and he also helped extinguish numerous fires which exposed him to heavy smoke.

Plaintiff began experiencing breathing problems in the late 1950s and early 1960s. He left his job at the mill because of surgery for a hernia, and he began working at another job. Plaintiff was later diagnosed as having "severe chronic obstructive pulmonary disease" with probable byssinosis and a 25 to 35 percent permanent lung impairment. Commissioner Clay found this was caused by plaintiff's exposure to cotton dust in his employment and that "plaintiff would benefit from a continuing program of medical treatment for his lung disease." Commissioner Clay also found that plaintiff was not partially or totally disabled.

Commissioner Clay then concluded that plaintiff suffered from an occupational disease resulting in partial loss of function of his lungs. He then awarded plaintiff $8,000.00 in compensation for each lung and attorney's fees of $4,000.00.

On 31 December 1985, defendants gave notice of appeal to the full Commission. Thereafter, on 22 April 1986, the full Commission, with Chief Deputy Commissioner Dianne C. Sellers sitting, "adopted" the decision of Commissioner Clay except that it reduced the award from $8,000.00 per lung to $4,000.00 per lung. Plaintiff appealed to the Court of Appeals raising only the issue of future medical expenses. On 5 May 1987, the Court of Appeals filed an opinion dismissing the appeal because the record did not show that the matter of future medical expenses was before the full Commission. *Joyner v. Rocky Mount Mills*, 85 N.C. App. 606, 355 S.E. 2d 161 (1987).

On 14 August 1987, plaintiff filed a request for the Commission to schedule a hearing to obtain payment of medical expenses. On 17 December 1987, following a hearing, the full Commission entered an order "that plaintiff's motion for the payment of future medical expenses, motion for imposition of attorney fees and motion for a ten percent penalty on all unpaid future medical expenses are DENIED" because the issue of future medical expenses was not "properly preserved" under the Commission's rules. Plaintiff appealed.

*Lore & McClearen, by R. James Lore, for plaintiff, appellant.*

*Maupin Taylor Ellis & Adams, P.A., by Steven M. Rudisill and Jack S. Holmes, for defendants, appellees.*

HEDRICK, Chief Judge.

The sole question presented by this appeal is whether the North Carolina Industrial Commission erred in dismissing or denying plaintiff's claim for "future medical expenses." We note at the outset that the Commission in its order filed 17 December 1987 stated that "plaintiff's motion for the payment of future medical expenses should be dismissed," but that it further ordered that the motions should be "denied." We treat the order as one dismissing plaintiff's motion rather than one denying the motion because in reality the Commission did not rule on the motion.

It merely indicated that plaintiff's claim for future medical expenses was not before it because it had not been preserved according to the Commission's rules.

The question which plaintiff wished to raise in a hearing before the Commission is addressed by G.S. 97-59, which in pertinent part states:

> Medical, surgical, hospital, nursing services, medicine, sick travel, rehabilitation services and other treatment as may reasonably be required to tend to lessen the period of disability or provide needed relief shall be paid by the employer in cases in which awards are made for disability or damage to organs as a result of an occupational disease after bills for same have been approved by the Industrial Commission.

[1] This Court has held that G.S. 97-59 requires that medical treatment "to provide needed relief" *shall* be paid by the employer where awards are made for damage to organs as a result of occupational disease and after the bills have been approved by the Commission. *Strickland v. Burlington Industries, Inc.*, 86 N.C. App. 598, 359 S.E. 2d 19 (1987). If the Commission awards compensation for damage to lungs and future medical treatment provides needed relief, it is clear therefore that the plaintiff is entitled to such treatment under G.S. 97-59. *Id.*

The Industrial Commission has the power to make rules governing administration of the Workers' Compensation Act. *Shore v. Chatham Manufacturing Co.*, 54 N.C. App. 678, 284 S.E. 2d 179 (1981), *disc. rev. denied*, 304 N.C. 729, 287 S.E. 2d 902 (1982). Its application and construction of the rules, duly made and promulgated, are ordinarily final and not subject to review. *Id.* Our Supreme Court, however, has addressed the rules of the Commission and their relation to the duties and responsibilities of the Commission:

> . . . Rules promulgated by the Commission are for the benefit of the Commission and must be complied with by the parties to a proceeding brought pursuant to the provisions of our [Workers'] Compensation Act. However, these rules do not limit the power of the Commission to review, modify, adopt, or reject the findings of fact found by a Deputy Com-

missioner or by an individual member of the Commission when acting as a hearing Commissioner. In fact, the Commission is the fact finding body under our [Workers'] Compensation Act. The finding of facts is one of the primary duties of the Commission. [Citations omitted.]

*Brewer v. Trucking Co.,* 256 N.C. 175, 182, 123 S.E. 2d 608, 613 (1962). It is clear that regardless of the Commission's rules, the full Commission has the authority to modify or reject findings of fact made by the hearing officer. *Thompson v. Transport Co.,* 32 N.C. App. 693, 236 S.E. 2d 312 (1977).

[2] Plaintiff's claim, initially decided by Commissioner Clay, embodied a claim for future medical expenses. When the matter was "appealed" to the full Commission by defendants it was the duty and responsibility of the full Commission to decide all of the matters in controversy between the parties. Indeed, if necessary, the full Commission should have conducted a full evidentiary hearing to resolve all matters embodied in plaintiff's claim. Inasmuch as the Industrial Commission decides claims without formal pleadings, it is the duty of the Commission to consider every aspect of plaintiff's claim whether before a hearing officer or on appeal to the full Commission.

The Commission may not use its own rules to deprive a plaintiff of the right to have his case fully determined. Thus, the Commission's statement in the order dismissing plaintiff's motions that "the issue of payment of future medical expenses is not properly preserved" will not support the order.

We point out, although it hardly need be repeated, that the "full Commission" is not an appellate court in the sense that it reviews decisions of a trial court. It is the duty and responsibility of the full Commission to make detailed findings of fact and conclusions of law with respect to every aspect of the case before it.

We recognize that the full Commission has the authority to determine the case from the written transcript of the hearing before the deputy commissioner or hearing officer, but when that transcript is insufficient to resolve all the issues, the full Commission must conduct its own hearing or remand the matter for further hearing. After the hearing or after review of the transcript of the hearing before the deputy commissioner or hearing officer,

the full Commission must make findings of fact, draw conclusions of law therefrom and enter the appropriate order. As we have pointed out before, the better practice would be for the full Commission to make its own findings of fact and not adopt the findings of fact of the deputy commissioner or hearing officer. For example, if the full Commission had made its own findings of fact in this case rather than adopting Commissioner Clay's findings, it might have avoided the necessity of multiple hearings and multiple appeals, for Commissioner Clay did find as a fact that "plaintiff would benefit from a continuing program of medical treatment for his lung disease."

The order of the full Commission filed 17 December 1987 dismissing plaintiff's motion for payment of future medical expenses is reversed, and the cause is remanded to the Commission for further proceedings to determine whether the "continuing program of medical treatment" as found by Commissioner Clay and adopted by the Commission will "tend to lessen the period of disability or provide needed relief" under G.S. 97-59 thereby requiring payment of expenses for such treatment by defendants, and for entry of an appropriate order. Upon remand, plaintiff may make such motions as he deems appropriate with respect to attorney's fees, penalties or other matters connected with the claim.

Reversed and remanded.

Judges ARNOLD and ORR concur.