This is a Hyler case. Hyler vs. GTE Products Co., 333 N.C. 258,425 S.E.2d 698 (1993).
Plaintiff suffered a slip and fall during the course and scope of her employment in 1993, prior to the 1994 amendments to the Workers' Compensation Act. Under Hyler, she is entitled to a lifetime of medical compensation for consequences of her compensable injury.
The evidence presented during the original trial in this case indicated that plaintiff's neck was also injured in the slip and fall. However, the decision of the Deputy Commissioner (who was substituted for the Deputy Commissioner who actually heard the case) failed to find any injury to the neck. It also failed to find that there was no injury to the neck. The question of injury to the neck simply was not decided.
It is the duty of the Industrial Commission to decide all matters before it. Joyner v. Rocky Mount Mills, 92 N.C. App. 478, 374 S.E.2d 610
(1988). However, when the Deputy Commissioner originally decided this matter on January 13, 1995, he did not decide the question of whether plaintiff suffered a cervical injury as a result of her compensable slip and fall of August 13, 1993 although there certainly was evidence of it.
The majority finds:
 Having reviewed the available evidence before Deputy Commissioner Hedrick at the time of the 13 January 1995 Opinion and Award, the Full Commission finds that plaintiff had made complaints about a cervical injury to her health care providers, and these complaints were in the medical records stipulated into evidence at the 1994 deputy commissioner hearing.
The plaintiff having raised the issue of neck injuries at the hearing before the original Deputy Commissioner through stipulating to medical records in which she had made complaints about a neck injury in addition to the back strain, it was incumbent upon the substitute Deputy Commissioner to decide that issue. Joyner v. Rocky Mount Mills,92 N.C. App. 478, 374 S.E.2d 610 (1988).
The Deputy Commissioner having failed to do so, plaintiff raised it again only months after the original Opinion and Award was filed and only months after undergoing surgery for the neck injury. The original Opinion and Award was filed January 13, 1995, the surgery was performed on February 27, 1995, plaintiff filed a Form 18 concerning the neck injury on August 1, 1995, and plaintiff requested a hearing on March 14, 2000.
Deputy Commissioner Pfeiffer and the majority committed error in not permitting plaintiff to have her full day in court concerning whether or not the neck surgery was a result of the original compensable injury. The case must be remanded for a full development of the record, including such other medical evidence as plaintiff may find necessary in showing the cause of her neck injury.
This 11th day of September 2002.
 S/_____________ THOMAS J. BOLCH COMMISSIONER