* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission hereby enters the following Opinion and Award.
 * * * * * * * * * * * EVIDENTIARY RULING
After the Deputy Commissioner's Opinion and Award was filed on June 22, 2007, defendants properly and timely filed a notice of appeal pursuant to N.C. Gen. Stat. § 97-83 and Workers' Compensation Rule 701. Thereafter, on October 5, 2007, defendants filed a Form 44 Application for Review and a brief, which was within 25 days of receiving the transcript of the *Page 2 
matter pursuant to Rule701(2). On October 11, 2005, plaintiff filed a Form 44 application for Review and brief, appealing the Deputy Commissioner's allowing into evidence, over objection, matters regarding a conviction. Defendants filed a Motion to Dismiss plaintiff's appeal and limit the grounds for appeal to those stated in defendants' Form 44 pursuant to N.C. Gen. Stat. § 97-85 and Workers' Compensation Rule 701. Plaintiff did not file a response. As plaintiff's notice of appeal was not received by the Industrial Commission within 15 days from the date when notice of the award was given, plaintiff's appeal is HEREBY DISMISSED WITH PREJUDICE.
However, the Court of Appeals has held in Joyner v. Rocky MountMills, 92. N.C. App. 478, 374 S.E.2d 610 (1988), that the Full Commission "has the duty and responsibility to decide all matters in controversy between the parties." Id. at 482, 374 S.E.2d at 613.
Therefore, after review of the evidentiary record and the proceedings before the deputy Commissioner, it is HEREBY HELD that any testimony regarding plaintiff's conviction that exceeds the scope of N.C. Gen. Stat. § 8C-1, Rule 609(a) shall not be considered as part of the evidentiary record.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between plaintiff and defendant-employer.
3. The carrier liable on the risk is correctly named above.
 4. Plaintiff's average weekly wage is $457.64 per week. *Page 3 
5. Plaintiff alleges she sustained a compensable injury by accident on or about April 10, 2006.
6. Subsequent to the filing of the Opinion and Award by the Deputy Commissioner, defendants conceded that it is responsible for any medical bills incurred by plaintiff that would not have arisen but for the premature birth of her child.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On April 10, 2006, plaintiff was employed as a patient care technician for defendant-employer's dialysis unit. Plaintiff was approximately 32 weeks pregnant, with a due date of June 2, 2006. On April 10, 2006, a co-worker leaned on the desk unit where plaintiff was seated and caused the desk unit to fall. As a result, the desk and a computer fell against plaintiff, striking her abdominal area and chest. Plaintiff was pinned between the desk unit and a table for several minutes until enough employees could lift the desk unit off of her.
2. Following her accident, plaintiff was admitted to Catawba Valley Medical Center for electronic fetal monitoring. Plaintiff was released from the hospital on April 12, 2006 and advised to stay on bed rest as she was dilating and experiencing premature contractions. However, on April 14, 2006, plaintiff was re-admitted after her water broke. Plaintiff's child was born 7 to 8 weeks premature on April 19, 2006 and remained at the hospital until April 26, 2006.
3. Dr. Robert Highland, an obstetrician and gynecologist, treated plaintiff following her April 10, 2006 accident. Dr. Highland testified to a reasonable degree of medical certainty *Page 4 
that more likely than not the blunt trauma plaintiff experienced when the desk unit fell on her abdomen caused her admissions to the hospital on April 10, 2006 and April 14, 2006 and resulted in the premature birth of her child.
4. On June 2, 2006, plaintiff presented to Dr. Sidney Myles to establish primary care. Plaintiff complained of neck and back pain above her kidneys. Plaintiff was diagnosed with back pain secondary to trauma and referred for an MRI of her lumbar and thoracic spine.
5. On June 22, 2006, plaintiff presented to Dr. Peter Miller of Catawba Valley Neurosurgical Spine Services with complaints of mid thoracic back pain without numbness or weakness. Dr. Miller noted that the lumbar MRI was normal with some minor degenerative changes at L5-S1 and referred plaintiff for a thoracic MRI. The July 6, 2006 thoracic MRI was normal.
6. Based on the MRI results, on July 20, 2006, Dr. Miller determined that plaintiff's condition was primarily muscular and was being continually aggravated by taking care of a newborn child. Dr. Miller prescribed physical therapy and noted that plaintiff will continue to stay out of work until physical therapy is completed. Dr. Miller testified in his deposition that plaintiff's muscles had been damaged in the fall and were being continually aggravated from caring for her child.
7. On September 6, 2006, plaintiff returned to Dr. Myles after being the victim of domestic violence. Plaintiff described to Dr. Myles that she had been grabbed by her left arm and pushed down six stairs. Plaintiff did not report any increase in back pain due to this incident and was assessed with bruises on her left thigh and arm. *Page 5 
8. On October 19, 2006, plaintiff presented to Dr. Miller with continuing pain in the thoracic area of her back. Dr. Miller prescribed Skelaxin and advised plaintiff to return in four weeks to assess her ability to return to work.
9. Dr. Miller released plaintiff to return to work as of December 5, 2006 with a restriction of no lifting over 50 pounds.
10. Defendant-employer had no available position within plaintiff's restrictions. Plaintiff underwent a job search and found new employment beginning in March 2007.
11. Dr. Miller opined to a reasonable degree of medical certainty that more likely than not, plaintiff's injury at work on April 10, 2006 was a substantial causative factor in plaintiff's muscle strain and thoracic spasm. Dr. Miller testified that he did not believe the domestic violence episode in September 2006 caused plaintiff's thoracic back pain. Dr. Miller further testified that he did not believe plaintiff's labor or caring for her child alone caused the back pain.
12. On April 18, 2006, defendants filed a Form 63 Notice to Employee of Payment of Compensation without Prejudice and commenced payment of temporary total disability benefits for two weeks, until April 23, 2006. At that point, defendant-employer began short-term disability payments from April 25, 2006 through May 23, 2006 under defendant-employer's maternity leave policy. On June 6, 2006, defendants filed a Form 61 Denial of Worker's Compensation Claim alleged that plaintiff's ongoing disability was not related to the April 10, 2006 injury.
13. Based upon the greater weight of the testimony and evidentiary record, plaintiff is found to be credible. *Page 6 
14. On April 10, 2006, plaintiff suffered a compensable injury by accident which caused the pre-mature birth of her child and thoracic back pain.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. On April 10, 2006, plaintiff sustained a compensable injury by accident when a desk unit fell on top of her. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has proven by the greater weight of the competent evidence that the injury by accident was a causal factor of the premature birth of her child and her thoracic back pain. Holley v. ACTS,Inc., 357 N.C. 228, 581 S.E.2d 750 (2003).
3. Plaintiff has the burden of proving disability which is defined as a loss of wage earning capacity. Russell v. Lowes ProductDistribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993). In order to meet the burden of proving disability, plaintiff must prove that she was incapable of earning pre-injury wages in either the same or in any other employment and that the incapacity to earn pre-injury wages was caused by plaintiff's injury. Hilliard v. Apex Cabinet Co., 305 N.C. 593,290 S.E.2d 682 (1982). An employee may meet the initial burden of production by producing one of the following: (1) medical evidence that she is physically or mentally, as a result of the work-related injury, incapable of work in any employment; (2) evidence that she is capable of some work, but that she has, after a reasonable effort, been unsuccessful in her efforts to obtain employment; (3) evidence that she is capable of some work, but that it would be futile because of preexisting conditions, such as age, inexperience, or lack of education, to seek employment; or (4) evidence that she has obtained other employment at wages *Page 7 
less than her pre-injury wages. Demery v. Perdue Farms, Inc.,143 N.C. App. 259, 545 S.E.2d 485 (2001); Russell v. Lowes ProductDistribution, supra. In the case at hand, plaintiff has proven that she remains disabled as a result of her compensable injury by accident as she was taken out of work continuously from April 10, 2006 though December 5, 2006 and thereafter she made a reasonable effort to look for work. Through her efforts to look for work, plaintiff found work at a wage possibly lower that her pre-injury wage in March 2007.
4. Plaintiff was totally disabled from her compensable injury by accident from April 10, 2006, and continuing to until she returned to work. N.C. Gen. Stat. § 97-2(9). Plaintiff is entitled to receive temporary total disability compensation in the amount of $305.09 per week from May 23, 2006, when her short-term disability ended, and continuing until plaintiff returned to work, to be paid in a lump sum subject to the attorney's fee approved below. N.C. Gen. Stat. § 97-29. The parties may agree on the amount, if any, of temporary partial disability compensation plaintiff is entitled to receive after March 19, 2007 pursuant to N.C. Gen. Stat. § 97-30.
5. Defendants are required to provide plaintiff with reasonably necessary medical treatment related to plaintiff's compensable injury by accident that tends to effect a cure, provide relief, or lessen the period of disability. N.C. Gen. Stat. §§ 97-2(19), 97-25, and 97-25.1.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay plaintiff temporary total disability compensation in the amount of $305.09 per week from May 23, 2006, and continuing until plaintiff returned to work. *Page 8 
This amount shall be paid in a lump sum subject to the attorney's fee approved below. The parties may agree on the amount, if any, of temporary partial disability compensation plaintiff is entitled to receive after March 19, 2007
2. A reasonable attorney fee of 25% of the compensation due plaintiff under paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid as follows: 25% of the lump sum due plaintiff under paragraph 1 of this Award shall be deducted from that sum and paid directly to plaintiff's counsel.
3. Defendants shall pay all medical expenses incurred or to be incurred resulting from plaintiff's compensable injury by accident so long as it tends to affect a cure and give relief or lessen plaintiff's disability.
This the 5th day of February, 2008.
S/_____________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________________ BUCK LATTIMORE COMMISSIONER
 S/_____________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1