PATRICIA HEFLIN, Widow; CHRISTOPHER HEFLIN and GREGORY HEFLIN, by Their Guardian *Ad Litem*, N. VICTOR FARAH; ANDREW HEFLIN, by his Guardian *Ad Litem*, CINDY DIGGS; and CLAUDE HEFLIN and LOWELL HEFLIN, by Their Guardian *Ad Litem*, LISA WAYNE, Plaintiffs v. G.R. HAMMONDS ROOFING, INC., Employer, AMERICAN INTERSTATE INSURANCE COMPANY, Carrier, Defendants

No. COA08-1309

(Filed 8 December 2009)

**1. Workers' Compensation— failure to rule on motion to stay—wrongful death claim in another state**

The Industrial Commission erred by ignoring plaintiff's motion to stay her pending workers' compensation proceedings in North Carolina so that she could pursue her wrongful death claim against defendants in Florida. Plaintiff could be deemed by the Florida courts to have elected the workers' compensation remedy, thereby precluding her wrongful death action. The Commission's opinion and award was vacated and remanded for a ruling on plaintiff's motion for a stay.

**2. Workers' Compensation— findings of fact—sufficiency of evidence**

The Industrial Commission erred in a workers' compensation case by making certain findings of fact, which were supported by competent evidence. In the event the Commission decides to deny plaintiff's motion for a stay, it must make new findings of fact, based on the competent evidence, and new conclusions of law based on those findings.

Appeal by plaintiff from opinion and award entered 30 July 2008 by the North Carolina Industrial Commission. Heard in the Court of Appeals 9 April 2009.

*Law Offices of Kathleen G. Sumner, by Kathleen G. Sumner and Jeanette F. Gray, for plaintiff-appellant Patricia Heflin.*

*Lewis & Roberts, P.L.L.C., by John D. Elvers, Sarah C. Blair, and Melissa K. Walker, for defendants-appellees.*

GEER, Judge.

Plaintiff Patricia Heflin appeals the opinion and award of the Full Commission ordering defendants to pay her death benefits at the rate of $64.62 per week from 2 April 2004 through the date of the deputy commissioner's opinion and award on 8 January 2008, but no further. On appeal, Ms. Heflin contends that the Commission erred in failing to rule on her motion to stay her pending workers' compensation proceedings in North Carolina so that she could pursue her wrongful death claim against defendants in Florida. Because we agree that the Commission, in ignoring Ms. Heflin's motion, disregarded its duty to hear and rule on every issue raised by the parties, we vacate the Commission's opinion and award and remand for a ruling on Ms. Heflin's motion for a stay.

## Facts

On 2 April 2004, Ms. Heflin's husband, Claude Franklin Heflin, Jr., was killed while working on a job site in Florida. He was survived by Ms. Heflin and his children by previous wives. On 21 April 2004, Ms. Heflin sent a letter to the field case manager for defendant American Interstate Insurance Company, identifying three dependent children of her husband, but indicating that there was an issue regarding a fourth child.

Mr. Heflin's employer, defendant G.R. Hammonds Roofing, Inc., and its insurance carrier, defendant American Interstate, did not accept or deny the claim for death benefits, but, instead, on 30 April 2004, filed a Form 33 Request for Hearing with the Industrial Commission, asking that the proper dependents be determined. In the Form 33, defendants incorrectly stated that Mr. Heflin's death occurred in Fayetteville, North Carolina.

Ms. Heflin filed a Form 18 Notice of Accident and Claim on 22 June 2004. On 10 January 2005, Ms. Heflin also filed a petition in Florida for workers' compensation benefits arising out of Mr. Heflin's injury. On 18 February 2005, Ms. Heflin's North Carolina attorney filed a motion to withdraw as her counsel. Ms. Heflin then sent an email on 21 February 2005 to Chief Deputy Commissioner Stephen L. Gheen

HEFLIN v. G.R. HAMMONDS ROOFING, INC.

[201 N.C. App. 365 (2009)]

with a copy to Deputy Commissioner Philip A. Baddour, III, defendants' counsel, the claims adjuster, and Ms. Heflin's counsel stating: "I am asking for a stay on this case, as I filed Workers' Compensation in Florida in January 2005. My attorney in Florida, Mark L. Zientz, P.A. has advised me that he spoke with a claims adjuster last week, and was advised that the claim has been sent to a defense attorney in Florida, and that he should soon be receiving a notice of appearance."

On 16 March 2006, Deputy Commissioner Baddour sent a letter to defendants' counsel, Ms. Heflin's Florida counsel, and the guardians ad litem for the minor children, addressing the need to locate two of the minor children. On 25 March 2005, Deputy Commissioner Baddour signed an order allowing Ms. Heflin's North Carolina attorney's motion to withdraw. No order was ever entered or communication sent regarding Ms. Heflin's 21 February 2005 request for a stay.

On 24 March 2005, Ms. Heflin voluntarily withdrew her petition for benefits in Florida. On 2 December 2005, however, Ms. Heflin filed a wrongful death claim in Florida, contending that the insurer failed to accept or respond to her Florida claim for workers' compensation benefits and was, therefore, estopped under Florida law from relying upon the exclusive remedy defense in the tort suit. On 7 May 2007, Mr. Zientz, Ms. Heflin's Florida workers' compensation attorney, sent a fax to Deputy Commissioner Baddour stating that Mr. Zientz understood that Ms. Heflin had withdrawn her claim for benefits under North Carolina law and had initiated a wrongful death action under Florida law against defendant Hammonds Roofing.

On 23 August 2007, the Deputy Commissioner conducted the hearing requested by defendants in their 30 April 2004 Form 33. Beginning in April 2005 and continuing through the date of the hearing, defendants, without filing any forms with the Commission, sent Ms. Heflin checks. Ms. Heflin accepted and cashed each of the checks. At the hearing, Ms. Heflin stated that she was renouncing her entitlement to future benefits. Ms. Heflin also claimed that she had renounced her entitlement to any and all benefits paid to her by defendants in the past. On 19 October 2007, defendants' counsel submitted a letter to Deputy Commissioner Baddour indicating that Ms. Heflin had continued to accept and cash checks dated through 27 September 2007.

On 8 January 2008, the Deputy Commissioner filed an opinion and award directing defendants to pay death benefits to three chil-

dren from 2 April 2004 and continuing until the child reached age 18 or for 400 weeks, whichever was later. The Deputy Commissioner concluded that Ms. Heflin was estopped from renouncing benefits accepted prior to the opinion and award, but that she had effectively renounced any right to future benefits.

Ms. Heflin appealed to the Full Commission. In an opinion and award filed 30 July 2008, the Commission stated: "The sole issue before the Commission is to whom should death benefits be paid." With respect to Ms. Heflin, the Commission found that she was married to the deceased employee on the date of his death. The Commission then found that Ms. Heflin, through counsel, filed in the Industrial Commission a Form 18 Notice of Accident and Claim on 22 June 2004 and filed a Florida Petition for Workers' Compensation Benefits on 10 January 2005. The Commission observed, however, that Ms. Heflin's counsel had voluntarily dismissed that petition on 24 March 2005. The Commission further found that it had allowed Ms. Heflin's North Carolina counsel to withdraw as counsel, but stressed that "[t]he North Carolina claim was not, and has not been, dismissed." The Commission then acknowledged that Ms. Heflin filed a wrongful death claim in Florida on 2 December 2005 "based on her allegation that the insurer failed to accept or deny the Florida workers' compensation claim."

The Commission found that defendants made payments to Ms. Heflin "in the amount of $41.00 per week ($82.00 biweekly) from April 2, 2004 and continuing through the present in connection with her North Carolina workers' compensation claim." The Commission noted that Ms. Heflin admitted that she accepted and cashed the checks, but that she "stated in open court that she wishes to renounce her entitlement to future benefits pursuant to the present proceeding before the North Carolina Industrial Commission."

Based on these findings of fact, the Commission concluded:

The law of estoppel applies in workers' compensation cases as in all other cases. *Hughart v. Dasco Tran[s]p., Inc.,* 167 N. C. App[.] 685, 606 S.E.2d 379 (2005). Patricia Heflin is estopped from claiming a renunciation of benefits prior to the entry of this Opinion and Award based upon her acceptance of benefits paid to her by defendants. However, based upon Ms. Heflin's statement in open court, and in her written contentions, that she wishes to renounce her right to future benefits pursuant to the present proceeding before the Commission, Ms. Heflin has effec-

tively renounced her right to future benefits in North Carolina upon the entry of this Opinion and Award. Accordingly, Ms. Heflin is entitled to North Carolina death benefits at the rate of $64.62 per week from April 2, 2004 through the date of the January 8, 2008 Opinion and Award by Deputy Commissioner Baddour and no further. Any payment of benefits by defendants to Ms. Heflin for periods after the entry of this Opinion and Award are gratuitous and have no effect on the benefits owing to other beneficiaries.

Neither the Commission's findings nor its conclusions of law mentioned Ms. Heflin's request for a stay.

Commissioner Bernadine S. Ballance dissented from the opinion and award. In her dissent, Commissioner Ballance first observed that both North Carolina and Florida had jurisdiction over Ms. Heflin's workers' compensation claim. Commissioner Ballance noted that defendants had filed a Form 33 seeking an expedited hearing in order to obtain an order for payment of death benefits, but that Ms. Heflin had requested a stay of the case in North Carolina, "inform[ing] the Industrial Commission that the claim had been filed in Florida in January 2005." Because "[n]o stay was granted[,]" the case was set for hearing on 23 August 2007 at which time Ms. Heflin made the attempted renunciation of benefits.

Commissioner Ballance determined that "[b]ased on the evidence before the Commission, Ms. Heflin's renouncement appears to be a response to the failure of the Commission to grant a stay to allow Ms. Heflin to proceed with her claim in Florida." Commissioner Ballance explained that she was dissenting because she was "of the opinion that the Commission should have granted Ms. Heflin's Motion for Stay as to her share of the benefits." She explained further: "Proceeding with the hearing before the North Carolina Industrial Commission forced Ms. Heflin to have to make a choice between her case in Florida and her claim in North Carolina. Therefore, Ms. Heflin was forced to choose renouncement of her North Carolina claim wherein she had a statutory right to benefits in order to pursue her remedies under Florida law. I believe that such a forced election of forum unfairly prejudiced Ms. Heflin." Accordingly, Commissioner Ballance "dissent[ed] from the majority opinion" and stated that she "would grant Ms. Heflin's Motion for Stay." Ms. Heflin timely appealed to this Court.

---

"In reviewing an opinion and award from the Industrial Commission, the appellate courts are bound by the Commission's findings of fact when supported by any competent evidence . . . ." *Lanning v. Fieldcrest-Cannon, Inc.*, 352 N.C. 98, 106, 530 S.E.2d 54, 60 (2000). The Commission's conclusions of law, however, are fully reviewable.

I

[1] Ms. Heflin's primary argument on appeal is that the Commission should have ruled on and granted her motion to stay the North Carolina workers' compensation proceedings so that she could proceed in her tort suit against defendants in Florida. We agree that the Commission erred in failing to address Ms. Heflin's request for a stay prior to issuing a final determination on the merits of Ms. Heflin's claim.

Ms. Heflin made her request for a stay in an email dated 21 February 2005. Defendants did not file any response to this request in the Industrial Commission, but in oral argument before this Court argued for the first time that Ms. Heflin's email should not be considered a proper motion because it was not labeled a "motion" and because Ms. Heflin was not proceeding *pro se*, since the Commission had not yet entered its order allowing her counsel to withdraw. Defendants did not, however, brief this argument, and they have made no attempt to cite any authority suggesting that a motion for a stay must be specifically labeled as such or that Ms. Heflin—whose counsel had moved to withdraw—was prohibited from herself requesting a stay. We, therefore, do not address these arguments.

We note that had defendants, consistent with Rule 609 of the Workers' Compensation Rules, raised these arguments in a proper response to Ms. Heflin's request, she could have rectified any problem. It would be unfair to allow defendants to wait until this late date to raise such concerns—especially since the record contains no indication that the Commission had any problem with Ms. Heflin's email. That email specifically stated: "If you have any questions, please feel free to contact Mr. Zientz . . . ." The email then provided Mr. Zientz' phone number and email address. The email also asked for confirmation of its receipt.

We, therefore, treat Ms. Heflin's email request as a motion for a stay that has remained pending before the Commission. It is well established that "it is the duty of the Commission to consider every aspect of plaintiff's claim whether before a hearing officer or on

appeal to the full Commission." *Joyner v. Rocky Mount Mills*, 92 N.C. App. 478, 482, 374 S.E.2d 610, 613 (1988). Here, the Commission failed to rule on a substantive motion pending before it and, therefore, failed to discharge its duty to "consider every aspect of plaintiff's claim." *Id.* We agree with the dissenting Commissioner that the failure of the Commission to address Ms. Heflin's motion for a stay was highly prejudicial to her since it jeopardized her ability to obtain relief in the wrongful death action pending in Florida.

In Florida, when a workers' compensation claim has been filed, the employer is required by statute to either initiate payment of compensation or file a response to a petition for workers' compensation benefits within 14 days of receipt of the petition. Fla. Stat. Ann. § 440.192(8) (2007). An employer who fails to initiate payments or respond to the petition is deemed to have denied the claim. *Russell Corp. v. Brooks*, 698 So.2d 1334, 1335 (Fla. Dist. Ct. App. 1997). An employer who denies a workers' compensation claim is estopped from raising the exclusivity of the workers' compensation scheme as a defense to a tort suit. *Byerley v. Citrus Pub., Inc.*, 725 So.2d 1230, 1232 (Fla. Dist. Ct. App. 1999). On the other hand, if "the injured party actively pursues and receives workers' compensation benefits, an election of remedies is found," and the injured party is limited to workers' compensation benefits. *Michael v. Centex-Rooney Const. Co.*, 645 So.2d 133, 135 (Fla. Dist. Ct. App. 1994).

Ms. Heflin filed a petition for workers' compensation benefits in Florida. When defendants failed to respond within 14 days, she voluntarily dismissed the petition and filed a wrongful death action on the basis that the employer was estopped from arguing that workers' compensation was her exclusive remedy. The Commission's failure to address Ms. Heflin's request for a stay and its insistence on continuing with the proceedings, however, gave rise to a risk that Ms. Heflin would be deemed by the Florida courts to have elected the workers' compensation remedy, thereby precluding her wrongful death action.

In order for there to be an election of remedies, the filing of a workers' compensation claim, alone, is not enough to preclude a subsequent tort suit. *See Chorak v. Naughton*, 409 So.2d 35, 38 (Fla. Dist. Ct. App. 1981) ("The mere filing of a compensation claim does not preclude an injured party from pursuing common law remedies."). Instead, "the workers' compensation remedy must be pursued to a determination or conclusion on the merits . . . ." *Lowry v. Logan*, 650 So.2d 653, 657 (Fla. Dist. Ct. App.), *review denied*, 659 So.2d 1087 (Fla. 1995). Further, Florida courts "hold that mere acceptance by a

claimant of some compensation benefits is not enough to constitute an election." *Id.* It appears, therefore, that in order to be barred from bringing a tort suit, the plaintiff must have actively pursued a claim for workers' compensation to a final determination on the merits. *See Vasquez v. Sorrells Grove Care, Inc.*, 962 So.2d 411, 413 (Fla. Dist. Ct. App. 2007) (explaining that to constitute an election of remedy, "the remedy chosen must be 'pursued to full satisfaction,' . . . a phrase that has been interpreted to mean a 'determination or conclusion on the merits' " (quoting *Lowry,* 650 So.2d at 656-57)).

In this case, therefore, Ms. Heflin's filing of a claim in North Carolina and her acceptance of defendants' checks would not necessarily result in a finding of an election of the workers' compensation remedy. Because, however, the Commission did not rule upon Ms. Heflin's motion for a stay, the case proceeded to a final determination on the merits—an opinion and award declaring the beneficiaries and awarding benefits. We hold that Ms. Heflin was entitled to have her motion for a stay ruled upon before the Commission conducted the hearing sought by defendants and entered a final determination. We, therefore, vacate the opinion and award in this case and remand for a decision on Ms. Heflin's motion for a stay.

II

**[2]** Ms. Heflin also argues that certain of the Commission's findings are unsupported by competent evidence. Because these issues would not be moot if the Commission decided that the motion to stay should be denied, we address them here.

First, the Commission found that "[d]efendants acknowledged compensability of this claim and requested a hearing to determine dependency." Defendants concede that they did not file any form specifically for the purpose of admitting compensability of the claim. They argue, however, that their filing of a Form 33 Request for Hearing, in which defendants stated that they were "request[ing] [an] expedited hearing to obtain Order for payment of death benefits" was sufficient to notify Ms. Heflin and the Commission that they were accepting the compensability of the claim.

As support for this proposition, defendants rely on Rule 409(2)(c) of the Workers' Compensation Rules, which provides that "[i]f an issue exists as to whether a person is a beneficiary under N.C. Gen. Stat. § 97-38, the employer or carrier/administrator and/or any person asserting a claim for benefits may file a Form 33 Request for Hearing

for a determination by a Deputy Commissioner." Defendants contend their filing of the Form 33 to determine the proper beneficiaries under this rule signaled to Ms. Heflin and the Commission that they were accepting her claim.

Rule 409, however, must be read in conjunction with the Workers' Compensation Act. N.C. Gen. Stat. § 97-18(b) (2007) specifically states that when an employer admits the compensability of an injury, "[u]pon paying the first installment of compensation and upon suspending, reinstating, changing, or modifying such compensation for any cause, the insurer shall immediately notify the Commission, on a form prescribed by the Commission, that compensation has begun, or has been suspended, reinstated, changed, or modified." In *Bailey v. Western Staff Servs.*, 151 N.C. App. 356, 360, 566 S.E.2d 509, 512 (2002), this Court construed this statute to mean that the employer must use an Industrial Commission Form to admit compensability. We reasoned that "[t]he use of the word 'shall' in the statute indicates that the use of an Industrial Commission form to admit liability is mandatory." *Id.* at 360, 566 S.E.2d at 512.

Consequently, defendants were required to notify the Commission of their acceptance of the compensability of Ms. Heflin's claim by filing the form mandated by the Industrial Commission. The filing of the Form 33 requesting a hearing was not enough. We, therefore, agree with Ms. Heflin that the Commission's finding that defendants accepted compensability of Ms. Heflin's claim is not supported by the record.

Next, Ms. Heflin challenges the Commission's finding that "[d]efendants made payments to Ms. Heflin in the amount of $41.00 per week ($82.00 biweekly) from April 2, 2004 and continuing through the present in connection with her North Carolina workers' compensation claim." We also agree that this finding is not supported by any competent evidence.

First, defendants did not pay Ms. Heflin weekly or even biweekly starting on 2 April 2004. Instead, Ms. Heflin was sent a check that cleared on 7 April 2005 in the amount of $2,132.00. Defendants asserted in an exhibit that this check represented payment for the period of 2 April 2004 through 31 March 2005. Subsequently, Ms. Heflin was sent a check that cleared on 1 July 2005 in the amount of $615.00. This check was reportedly in payment for the period of 25 March to 7 July 2005. After that, Ms. Heflin was paid in increments of $82.00 every two weeks.

More significantly, nothing in the record supports the portion of the finding that these payments were "in connection with her North Carolina workers' compensation claim." The payments were not pursuant to a Form 60 or any award of compensation. Moreover, defendants did not, on the checks or by any other means, identify these payments as relating to Ms. Heflin's North Carolina workers' compensation claim as opposed to Ms. Heflin's claim in Florida. Therefore, the Commission's finding that defendants made payments in connection with Ms. Heflin's North Carolina workers' compensation claim is unsupported.

Since the Commission's conclusions of law regarding Ms. Heflin depend upon these findings of fact, we hold that in the event the Commission decides to deny Ms. Heflin's motion for a stay, it may not simply reinstate the opinion and award. It must instead make new findings of fact, based on the competent evidence, and new conclusions of law based on those findings resolving Ms. Heflin's claim.

Reversed and remanded.

Judges BRYANT and STEPHENS concur.